No. 81-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

ALLEN W. GRENFELL, Proposed intervenor,

Appellant,

vs.

DARI ANN DUFFY et al.,

Plaintiffs and Respondents,

vs.

A/T RANCH INC., a Montana Corporation,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Morales, Volinkaty & Harr, Missoula, Montana

For Plaintiffs:

Ferguson & Mitchell, Missoula, Montana

For Defendant:

Recht & Greef, Hamilton, Montana

---

Submitted on briefs: March 5, 1982

Decided: April 27, 1982

Filed: APR 27 1982

*Thomas J. Kearney*

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On May 15, 1980, the Fourth Judicial District Court ordered defendant/respondent, A/T Ranch, to pay plaintiffs/respondents over $25,000 for debts owed by the ranch corporation to the plaintiffs. That order was pursuant to a consent decree to which the corporation agreed on May 8, 1980. On August 29, 1980, Allen Grenfell filed a motion to intervene in the matter on behalf of the defendant corporation. Following a hearing, an order denying Grenfell's motion to intervene was issued February 27, 1981. Allen Grenfell now appeals that order.

A/T Ranch is a family corporation. It was incorporated on February 21, 1974. Allen and Lillian Grenfell, husband and wife, are each 50 percent stockholders in the corporation. Allen and Lillian Grenfell and Lillian's son, Daniel J. Duffy, compose the corporation's Board of Directors. Mr. and Mrs. Grenfell separated in April of 1976 and later divorced. Mr. Grenfell has been completely inactive in the corporation since November 28, 1976. Lillian and her son, Daniel, have been the only active directors since that time. Lillian is the registered agent for the corporation.

In June of 1979, Mr. Grenfell commenced proceedings in the Fourth Judicial District Court, Ravalli County, requesting that the corporation be dissolved and a receivership be created to manage the corporate affairs. That action is still pending before Judge Wheelis.

A complaint was filed against A/T Ranch on August 31, 1979, by Dari Ann Duffy, Daniel J. Duffy, Dayne Grenfell and Darrell Grenfell. The complaint alleged several debts due

-2-

and owing plaintiffs by the corporation. That complaint was never served upon defendant corporation. It was amended on April 17, 1980, and again on April 30, 1980. Lillian Grenfell was added as a plaintiff. Both of the amended complaints were served on defendant, through its registered agent, Lillian Grenfell.

Several of the nine counts in the second amended complaint allege debts owed by the corporation to its active directors. Lillian Grenfell alleges that the corporation owes her $3,350.00 for money lent the corporation for the remodeling of the ranch dwelling. Daniel Duffy alleges that the corporation owes him a total of $8,566.82: $209.00 for construction expenses; $640.77 for expenses accrued as director; $6,717.05 for breach of a contract by which the corporation agreed to feed and care for Daniel's cattle; and $1,000.00 for lost profits due to the breach of the above-described contract. The remaining counts allege wages and loans past due and owing to the children of the Grenfells.

Lillian Grenfell, as president and registered agent of the corporation, appeared at the May 8, 1980, hearing and consented to an entry of judgment against the corporation with respect to all nine counts in the complaint. Judgment against the corporation was ordered May 15, 1980.

Although not a party to the action, Mr. Grenfell received actual notice of the initial complaint. He was assured by plaintiff's attorney that he would be notified when actual service was made on the corporation. He was not so notified. He received notice of the entry of judgment on June 17, 1980, from the corporation's counsel. On July 2, 1980, Mr. Grenfell filed a motion for relief from the judgment. No action was taken on that motion. A motion to intervene was

then filed by Mr. Grenfell on August 29, 1980.

The attorney for the corporation, Mr. H. L. McChesney, informed Judge Wheelis on October 27, 1980, that he did not wish to represent the corporation on the motion to intervene as he felt there was a conflict of interest involved. At that time, he was representing the corporation in the pending dissolution proceedings. In his letter, Mr. McChesney also stated, "I do not feel that Mr. Grenfell's motion to intervene is well taken and I think the corporation should resist this motion."

Pursuant to Mr. McChesney's request, an order was issued October 31, 1980, removing Mr. McChesney as attorney of record for the corporation and directing the corporation to retain other counsel. The order also stated that ". . . the retained counsel shall have until December 8, 1980 in which to prepare, file and serve a written brief in opposition to the Motion to Intervene. . ." Mr. Charles Recht was subsequently retained by the corporation.

Following a hearing on the motion, an order was issued on February 27, 1981, denying Mr. Grenfell's motion to intervene. The order stated that the District Court had jurisdiction over the parties and the subject matter; that Mr. Grenfell had "no standing to intervene because the corporation was legally represented by its present corporate officers"; and that the motion to intervene was not timely made. Those conclusions were based on several findings of fact: (1) Mr. Grenfell made no showing of bad faith or fraud on the part of the corporation and its officers. (2) Allowing Mr. Grenfell to intervene would result in delay, circuity and multiplicity of actions. (3) Mr.Grenfell's rights could be adequately protected in the pending dissolution proceeding.

A subsequent hearing was held April 15, 1981, regarding attorney fees. At the close of the hearing, the court ordered the corporation to pay Charles Recht legal fees of $1,470.00 and costs of $41.38, for a total of $1,511.38.

In appealing these orders, Mr. Grenfell presents three issues to this Court.

(1) Was the service of process upon the defendant corporation sufficient for personal jurisdiction of the District Court over the defendant corporation?

(2) Was the motion to intervene improperly denied?

(3) Did the District Court abuse its discretion when it ordered the corporation to retain new counsel to resist the appellant's motion to intervene and then subsequently ordered the corporation to pay all attorney fees incurred?

We need not reach the issue of whether or not the service of process on the defendant corporation gave the District Court personal jurisdiction over the corporation. The corporation voluntarily appeared before the court through Lillian Grenfell, its president and registered agent. Lack of jurisdiction due to any failure of service of process is cured if that party voluntarily appears in court. Wilson v. Thelen (1940), 110 Mont. 305, 100 P.2d 923; Deich v. Deich (1958), 136 Mont. 566, 323 P.2d 35. In addition, Rule 4B(2), M.R.Civ.P. states:

> "Acquisition of jurisdiction. Jurisdiction may be acquired by our courts over any person through service of process as herein provided; or by the voluntary appearance in an action by any person either personally, or through an attorney, or through any other authorized officer, agent or employee."

Rule 4A, M.R.Civ.P. defines "person" to include a corporation. Therefore, the District Court properly exercised jurisdiction over the corporation in these proceedings as the corporation voluntarily appeared.

Rule 24, M.R.Civ.P., governs intervention in civil proceedings. Rule 24(a), Intervention of Right, applies to Mr. Grenfell. As a 50 percent stockholder in the corporation, he has a substantial property interest at stake. A stockholder's interest in a corporation has been held to be an interest giving an intervention of right. Pellegrino v. Nesbit (1953), 203 F.2d 463; U. S. v. First National Bank & Trust Co. of Lexington, Kentucky (1967), 280 F.Supp. 260, aff'd 391 U.S. 469, 88 S.Ct. 1845, 20 L.Ed.2d 749 (1968).

The relevant portion of Rule 24(a), M.R.Civ.P., states:

> "Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The District Court held that Mr. Grenfell's motion to intervene was not timely made. We agree. Mr. Grenfell was given actual notice of the original complaint sometime prior to April 17, 1980. He did not file the motion until August 29, 1980, more than four and one-half months after he became aware of the initial claim. As Mr. Grenfell was not a party to the original action, no one was under any duty to inform him of the proceedings. As a 50 percent stockholder and inactive director of the corporation, he had every right to contact the Board of Directors to ascertain the progress of the proceedings. He failed to do so. Therefore, he is not entitled to avoid the "timeliness" requirement by asserting that he was unaware of the proceedings until June 17, 1980, when corporate counsel enlightened him.

The intervention rule is a discretionary judicial

efficiency rule used to avoid delay, circuity and multiplicity of suits. State ex rel. Westlake v. District Court, First Judicial District (1946), 119 Mont. 222, 173 P.2d 896. To grant appellant's motion to intervene would require an abuse of trial court discretion. We find none here.

Refusing to grant appellant's motion to intervene does not leave him with a lack of ability to protect his property interests. The corporation dissolution proceeding is still pending before the same District Court judge. Mr. Grenfell may pursue his claims in that proceeding. To allow him to pursue his claims by intervening in a proceeding which has been final for practically two years would create the delay, circuity and multiplicity of actions sought to be avoided in State ex rel. Westlake, supra.

Finally, Mr. Grenfell asserts that it was an abuse of discretion for the District Court to order the corporation to pay its retained counsel for his services. The awarding of attorney fees is within the discretionary power of the District Court. Arwood Stickney, et al. v. State of Montana (1981), 38 St.Rep. 1991, 636 P.2d 860. It is axiomatic that a party normally pays the fees of its own attorney. The court did not abuse its discretion.

Appellant claims that since counsel for the corporation wrote a brief supporting the denial of his motion to intervene, he primarily benefited plaintiffs. Therefore, he asserts that plaintiffs should pay counsel's fees rather than further reducing the corporation's assets to pay the fees of an attorney who primarily benefited plaintiffs. If Mr. Grenfell's claim is true, the court in the pending dissolution proceedings can rectify the matter by decreasing plaintiffs' share of the corporation's assets.

We affirm the decision of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices