No. 88-67

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

CONTINENTAL INSURANCE COMPANY,

Plaintiff and Respondent,

-vs-

GENE BOTTOMLY and VAN BOTTOMLY,

Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathed,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Graybill, Ostrem, Warner & Crotty; Michael G. Barer,
Great Falls, Montana

For Respondent:

Williams Law Firm; Richard Ranney, Missoula, Montana
Murphy, Robinson, Heckathorn & Phillips; Kalispell,
Montana

_____

Submitted on Briefs:  July 14, 1988

Decided: August 18, 1988

Filed AUG 1 8 1988

*Ethel M. Harrison*

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Richard V. Bottomly and James Bottomly (petitioners) appeal from an order of the District Court of the Eleventh Judicial District in and for Flathead County denying their petition to intervene in a suit brought by Continental Insurance Co. (Continental) seeking subrogation from the defendants for damages arising from a fire at the petitioners' cabin near West Glacier, Montana.

A fire destroyed the cabin on August 4, 1982 while the defendants, who are the brother and nephew of the petitioners, were staying at the property, which is located on Lake McDonald. Neither of the defendants were in the cabin at the time of the fire. The petitioners were insured against the loss of the cabin by Continental; this insurance policy named the two petitioners as well as any of their relatives, as the insured. On September 15, 1982, Continental issued payment of $50,000 to the petitioners to cover the loss of the cabin; on November 5, 1982, Continental issued payment of $25,000 more to the petitioners to cover the loss of the cabin's contents. Continental filed suit against the defendants on July 3, 1984 claiming that their negligence was the proximate cause of the fire. Continental sought subrogation of $75,000 from the defendants.

The petitioners moved to intervene as the defendants in the suit under Rule 24(a) and (b), M.R.Civ.P., on October 5, 1987. The essence of their motion to intervene relies on the fact that Continental would like to collect from the defendants, who as relatives are insured and thus not subject to subrogation. The petitioners contend that such a suit by Continental is vexing and harassing and constitutes bad faith in coverage. Under Rule 24(a), they claim a right to

2

intervene because their ownership of the property gives them an interest in Continental's suit. Under Rule 24(b), they claim they should be allowed permissive intervention since their bad faith action against Continental has many factual and legal questions in common with Continental's suit against the defendants.

The parties phrase the various issues in different ways but the dispositive question can be stated quite simply: Does a right of appeal lie for a proposed intervenor when the District Court had denied his motion to intervene? We answer the question negatively and affirm the District Court.

Rule 1, M.R.App.P. defines the limits of appealable actions. It specifically provides for appeals from final judgments, certain probate matters, as well as:

(b)(1) . . .

(2) From an order granting a new trial; or refusing to permit an action to be maintained as a class action; or granting or dissolving an injunction; or refusing to grant or dissolve an injunction; or dissolving or refusing to dissolve an attachment; from an order changing or refusing to change the place of trial when the county designated in the complaint is not the proper county; from an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver; from any special order made after final judgment; and from such interlocutory judgments or orders, in actions for partition as determine the rights and interests of the respective parties and direct partition to be made. In any of the cases mentioned in this subdivision the supreme court, or a justice thereof, may stay all proceedings under the order appealed from, on such conditions as may seem proper.

Note that the rule does not provide for appeals from either the granting or denial of motions to intervene. A matter not specifically denominated in Rule 1 is not a proper subject of appeal. White v. Lobdel (1984), 208 Mont. 295, 302, 678 P.2d 637, 641 (denial of motion to permit joinder); citing Shields v. Pirkle Refrigerated Freight Lines, Inc. (1979), 181 Mont. 37, 42-43, 591 P.2d 1120, 1123 (order setting aside default judgment is not appealable as a special order made after judgment unless its effect is to finally dispose of the case).

The fact that the rule does not provide for appeals from orders denying intervention is fatal in this present action. State ex rel. Palmer v. District Court (Mont. 1980), 619 P.2d 1201, 1203, 37 St.Rep. 1876, 1877-78. The right of review was preserved in Palmer because there the matter arose on a writ of supervisory control. However, there too intervention was denied since the proposed intervenor's rights already were being represented by a party to the action. Palmer, 619 P.2d at 1203.

Counsel for both Continental and the petitioners spend a great deal of time arguing over whether the proposed intervention in this matter would be by right or by permission. For there to be intervention by right, the petitioners contend that (1) their application must have been made timely; (2) they must have an interest in the property or transaction; (3) disposition of the suit might impair or impede their protection of the interest, and (4) the existing parties are not representing the petitioners' interest. Using this framework it becomes apparent that the petitioners were not entitled to intervention by right. First, their motion to intervene, which was filed some three years after Continental had filed suit against the defendants, was not timely. See Archer v. LaMarch Creek Ranch (1977), 174 Mont.

4

429, 571 P.2d 379; Grenfell v. Duffy (1982), 198 Mont. 90, 643 P.2d 1184. Second, while it is undisputed that the petitioners have an ownership interest in the real property that was the subject of the insurance contract, it is equally undisputed that they have received the benefits of that insurance contract and that Continental's suit does not deal with the petitioners' right to insurance. Continental's suit deals with whether other parties are responsible to Continental for the fire loss. Lastly, the named defendants have retained the services of Murphy, Robinson, Heckathorn & Phillips, whose answer and counterclaims to Continental's suit state the very same grounds and defenses as does the petitioners' proposed counterclaim. Many of the paragraphs are exactly identical. The answer and counterclaim filed by the named defendant notes and defends the interests of the petitioners.

This discussion of the merits of the petitioners' proposed intervention is overshadowed by the rule that appeals do not lie from orders on such motions. However, this discussion is relevant to show that there was reason for the District Court to deny the motion if it chose to do so. While the purpose of Rule 24 motions for intervention is generally to promote efficiency and avoid delay and multiplicity of suits, see State ex rel. Westlake v. District Court (1946), 119 Mont. 222, 235, 173 P.2d 896, 902-03; there are times when separate suits might work just as well. The District Court has determined that this is such a case.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_R. A. Turnage_
Chief Justice

_____

_____

_P. C. McDonough_

_R. C. Gulbrandson_

_____
Justices

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent.

The majority's contention that Rule 1, M.R.App.P. prevents appellants from appealing the order of the District Court is untenable. Although the majority has stated that Rule 24 is designed to promote efficiency and avoid delay by allowing all interested parties to participate in one action, they ignore this policy for purely technical reasons. A better approach is that taken in Moore's Federal Practice.

> Rather, a jurisdictional rule has arisen under which an order denying intervention is appealable if intervention was a matter of right; but if intervention is permissive only, the order denying intervention is appealable only if the court has abused its discretion.

3A Moore's Federal Practice, ¶ 24.15 (1985).

> The appropriate solution therefore should be to treat all denials of intervention as final orders, but to reverse only where there was intervention of right or an abuse of discretion in denying permissive intervention.

3A Moore's Federal Practice, ¶ 24.15, (1985).

Richard v. Bottomly and James J. Bottomly are entitled to intervene as a matter of right under Rule 24(a), M.R.Civ.P. The four elements necessary to this intervention are easily met. First, the Bottomlys' application was timely. Although the motion to intervene was not filed until 3½ years after the complaint was filed nothing had occurred in the case except the filing of an answer. No prejudice or delay would be caused by allowing intervention at this point. Second, the Bottomlys claim an interest relating to the property involved in this action. The undisputed ownership of the Lake McDonald property by the Bottomlys sufficiently

satisfies this element. Third, it is certain that the Bottomlys' ability to protect this interest may be impeded or impaired without their intervention. The Bottomlys plan to sue plaintiff insurance company for bad faith for bringing suit against defendants whom the Bottomlys maintain are insureds under their policy. They would certainly be impeded from claiming the insurance company had no right to sue if this suit is allowed to proceed without them. Finally, the existing parties cannot adequately protect the Bottomlys' interest in their property. The defendants have no proprietary interest in the land nor are they the policy holder.

Given that all the elements necessary for right of intervention are present, the Bottomlys should have been allowed to protect their interest in the most efficient manner. As it stands they shall have to instigate a separate suit having only one factor to distinguish it from the present one: the labels of plaintiff and respondent on the parties.

_____
Justice

Mr. Justice John C. Sheehy, concurs in the foregoing dissent of Justice Hunt.

_____
Justice