No. 91-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

THE ESTATE OF DAVID SCHWENKE, by and
through its Guardian DIANA HUDSON,

        Plaintiff and Respondent,

   -vs-

JOHN CARL BECKTOLD,

        Defendant,

   and

STATE FARM FIRE AND CASUALTY COMPANY,

        Appellant.

**FILED**

MAR 3 - 1992

_Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        K. D. Peterson; Peterson & Schofield, Billings,
        Montana

    For Respondent:

        Christopher P. Thimsen and Charles A. Murray, Jr.,
        Billings, Montana

Submitted on Briefs: October 31, 1991

Decided: March 3, 1992

Filed:

_____
/Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

State Farm Fire and Casualty Company appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, denying its motion to intervene in a personal injury action brought by the estate of David Schwenke against John Becktold. We affirm.

The issues on appeal are:

1. Is the denial of the motion to intervene appealable?

2. Did the District Court err in denying the motion to intervene?

On October 8, 1989, David Schwenke received severe, disabling and permanent head injuries in an automobile accident southwest of Winnett, Montana. David was a passenger in a vehicle driven by John Becktold.

The estate of David Schwenke, by and through its guardian, Diana Hudson (Schwenke), filed a personal injury action on January 16, 1990 against John Becktold alleging that he was negligent in operating the vehicle involved in the accident and that his negligence was the proximate cause of David's injuries. On February 5, 1990, attorney Kenneth Strong entered an appearance and subsequently filed an answer to the complaint on behalf of John Becktold.

In order to determine whether insurance coverage existed for John Becktold, Schwenke's counsel took two depositions. John was

deposed on February 19, 1990. He testified that he had been a permanent resident of his parents' household since his graduation from high school in 1982.

Ralph Becktold, John's father, was deposed on March 2, 1990. The purpose of the deposition was to obtain copies of all insurance policies which might provide coverage for Ralph Becktold and members of his household. Ken Amrein, a representative of State Farm, and attorney Dane Schofield of the law firm of Peterson and Schofield attended the deposition. Mr. Schofield is the partner of Kenneth Peterson, counsel for State Farm in this action.

One of the policies obtained as a result of Ralph Becktold's deposition was a State Farm personal liability umbrella policy that provided certain coverage for members of Ralph Becktold's household. Schwenke's counsel believed that policy provided insurance coverage for the accident in which David Schwenke was injured and, on March 27, 1990, sent a letter to State Farm demanding payment of the policy limit. State Farm apparently never responded to the letter.

Trial on the personal injury action in the District Court was set for May 13, 1991. On April 19, 1991, John Becktold filed a notice of appearance in which he advised the court and counsel that he was substituting himself, pro se, in place of attorney Strong. The District Court issued an order allowing Mr. Strong to withdraw as counsel on April 25, 1991.

Schwenke had filed a declaratory judgment action in federal

court on April 27, 1990 on the question of whether John Becktold was covered under the umbrella policy. The federal district court granted summary judgment in favor of State Farm on May 8, 1991, ruling that there was no coverage under the policy. That same day, Schwenke appealed to the Ninth Circuit Court of Appeals.

On May 6, 1991, two days before the federal district court granted summary judgment to State Farm in the declaratory judgment action, State Farm filed a motion to intervene in the personal injury action. The stated purpose of the motion was limited to "obtaining [a] continuance of the Trial presently set and a stay of the proceedings in this case pending final resolution of the Plaintiff's Declaratory Judgment action pending in the Federal District Court." State Farm specifically requested that it not be made a party to the action. The District Court denied the motion to intervene on May 10, 1991, stating:

> Given the action in Federal Court, movant has been aware of this case for a long time. Not only are the motions not timely but also the Court is not aware of any basis that allows one not willing to be a party to an action to intervene for the sole purpose of postponing a trial between those who are parties to the action.

The case proceeded to trial as scheduled on May 13, 1991. John Becktold was not present and a jury trial was waived. Evidence was received by the court in the form of deposition and live testimony. On June 6, 1991, the District Court entered its findings of fact and conclusions of law. The court found in favor of Schwenke and awarded damages in the amount of $3,642,685.32. Judgment was entered on the same day. Thereafter, State Farm filed

4

this appeal of the denial of its motion to intervene.

I

Is the denial of the motion to intervene appealable?

Schwenke, citing Continental Insurance Co. v. Bottomly (1988), 233 Mont. 277, 760 P.2d 73, contends that the District Court's denial of State Farm's motion to intervene is not appealable pursuant to Rule 1, M.R.App.P. In Bottomly, we held that in accordance with Rule 1, M.R.App.P., a party who unsuccessfully sought to intervene in a district court action could not appeal prior to the entry of final judgment. We have already addressed the appealability of the District Court's order in this action. In an order dated September 17, 1991 denying Schwenke's motion to dismiss the appeal, we ruled that Bottomly is not controlling and that the order denying the motion to intervene is appealable because in this case there has been a final judgment. If State Farm were denied the opportunity to appeal the District Court's order, even though a final judgment has been entered, there would be no procedure by which to challenge the propriety of that order.

II

Did the District Court err in denying the motion to intervene?

State Farm first asserts that it was entitled to intervene as a matter of right in the personal injury action between Schwenke and John Becktold. Rule 24(a), M.R.Civ.P., governs intervention as of right and provides in pertinent part:

> **Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2)

5

when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a), M.R.Civ.P., is almost identical to Federal Rule 24(a). As noted in 3B Moore's Federal Practice, ¶ 24.07[1], at 24-50 (2d ed. 1987), an application for intervention as a matter of right under Rule 24(a) must: (1) be timely; (2) show an interest in the subject matter of the action; (3) show that the protection of the interest may be impaired by the disposition of the action; and (4) show that the interest is not adequately represented by an existing party. The applicant must satisfy each of the four criteria to be entitled to intervene as a matter of right. Keith v. Daley (7th Cir. 1985), 764 F.2d 1265, 1268, cert. denied, (1985), 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336.

The District Court's denial of the motion to intervene was based primarily on its determination that State Farm's motion was not timely. Timeliness is determined from the particular circumstances surrounding the action and such a determination is within the sound discretion of the trial court. NAACP v. New York (1973), 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648, 663.

State Farm cites Johnson v. Cape Industries, Limited (Ill. App. Ct. 1981), 414 N.E.2d 470, in support of its position that it was entitled to intervene. In Johnson, a personal injury action

6

was filed against Cape Industries, Limited (Cape), on February 4, 1980. Cape, an English corporation, was sued as the agent and shareholder of another corporation which was the direct insured. Both corporations instructed the insurer's counsel not to make an appearance on Cape's behalf, fearing certain adverse consequences of an appearance under English law. On March 28, 1980, a default judgment was entered against Cape and the cause was set for the presentation of evidence of damages on May 8, 1980. On April 7, 1980, the insurer filed a declaratory judgment action on the question of insurance coverage and also filed a petition to intervene in the underlying personal injury action. The trial court denied the petition to intervene. The appellate court reversed, ruling that the motion to intervene was timely in view of the difficulty between Cape and the insurer and the less than two-month period between the filing of the complaint and the entry of default.

Johnson is distinguishable from the case at bar. Here, State Farm's motion to intervene was filed more than fifteen months after the personal injury action was initiated and only one week before the date of trial. More critically, State Farm was aware of the litigation for more than one year before trial. An attorney for State Farm and a representative of the company were present at the March 2, 1990 discovery deposition of its insured, Ralph Becktold. It was aware that John Becktold was being sued, that John Becktold was related to its insured, that an insurance policy existed which

7

Schwenke maintained provided coverage for John Becktold, and that Schwenke was looking to State Farm to pay any judgment. Despite all of this, State Farm did nothing until one week before trial.

State Farm further argues that its motion was timely because it was filed shortly after John Becktold's attorney of choice was permitted to withdraw as counsel, leaving him unrepresented. This argument might be persuasive if the purpose of State Farm's motion to intervene was to provide a defense for John Becktold. Such is not the case here. The motion's only purpose was to delay the trial in state court until the declaratory judgment action was finally resolved in the federal courts. We have stated previously that "[t]he intervention rule is a discretionary judicial efficiency rule used to avoid delay, circuity and multiplicity of suits." Grenfell v. Duffy (1982), 198 Mont. 90, 95, 643 P.2d 1184, 1187. We cannot conclude under the circumstances of this case that the District Court abused its discretion in finding the motion to intervene untimely where to allow intervention would have created that which the intervention rule seeks to avoid---undue delay of the trial for an undetermined period of time.

Moreover, State Farm sought to intervene based on its assertion that if insurance coverage exists it should be allowed to pursue vigorously all available defenses. Interestingly, however, State Farm justifies its inaction until the week before trial by asserting that it has never had any duty to defend John Becktold. In our view, State Farm failed to protect its interest in a timely

fashion after it first became aware of the action. If State Farm believed it had no duty to defend but desired to protect its interest, it could have hired an attorney to defend John Becktold under a reservation of rights, rather than waiting until one week before trial to move to intervene for the sole purpose of delaying the trial.

Having determined that State Farm's motion was not timely, it is unnecessary to consider whether the other requirements for intervention as a matter of right under Rule 24(a), M.R.Civ.P., were satisfied. Accordingly, we hold that the District Court did not abuse its discretion in denying State Farm's motion to intervene as a matter of right.

State Farm next contends that the District Court erred in denying permissive intervention under Rule 24(b), M.R.Civ.P. This rule provides in relevant part:

> **Permissive intervention.** Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As the language of each subsection of Rule 24, M.R.Civ.P., indicates, a motion to intervene must be timely regardless of whether intervention is sought as of right under 24(a) or by permission under 24(b). Because we have already concluded that State Farm's motion to intervene was not timely, State Farm did not satisfy the threshold prerequisite for permissive intervention. We

9

hold that the District Court did not abuse its discretion in denying State Farm's motion to intervene.

Affirmed.

/s/ Karla M. Gray
Justice

We concur:

/s/ J. A. Turnage
Chief Justice

/s/ John Conway Harrison

/s/ Terry N. Trieweiler

/s/ William E. Hunt Sr.

/s/ R. C. McDonough

/s/ Fred J. Weber
Justices

March 3, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


K.D. Peterson, Esq.
PETERSON & SCHOFIELD
2906 Third Avenue North
Billings, MT 59101

Christopher Thimsen
Charles A. Murray, Jr.
Attorneys at Law
2812 First Avenue North, Suite 210
Billings, MT 59101

John Carl Becktold
c/o Top Gun
P.O. Box 3072
Roundup, MT 59072


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy