No. 01-848

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 361

REID CONNELL,

          Petitioner and Respondent,

    v.

STATE OF MONTANA DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES, CHILD SUPPORT ENFORCEMENT DIVISION,

          Respondent and Respondent,

    and

STATE OF NORTH DAKOTA,

          Proposed Intervenor and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula, Cause No. 81716
                The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant and Proposed Intervenor:

        Richard A. Reep, Reep Spoon & Gordon, Missoula, Montana

        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Helena, Montana,
        Michael G. Alterowitz, Special Assistant Attorney General, Missoula,
        Montana

                        Submitted on Briefs:  May 30, 2002

                        Decided:  December 18, 2003

Filed:

_____
                      Clerk
Justice James C. Nelson delivered the Opinion of the Court.

¶1     The State of North Dakota appeals the judgment of the Fourth Judicial District Court, Missoula County, denying its motion to intervene.

¶2     We address the following issues on appeal and affirm.

¶3     1.     Did the District Court err in denying the State of North Dakota's motion to intervene as a matter of right under Rule 24(a)(2) of the Montana Rules of Civil Procedure?

¶4     2.     Did the District Court err in denying the State of North Dakota's motion to intervene as permissive intervention under Rule 24(b)(2) of the Montana Rules of Civil Procedure?

¶5     3.     Did the District Court err in awarding attorney's fees?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Beginning in 1989, after an interstate referral from North Dakota, the Montana Child Support Enforcement Division (CSED), as the "agent" of the State of North Dakota, initiated a collection action against Reid Connell.

¶7     An in-person hearing was held regarding the debt claimed due by CSED on February 15, 1991.  CSED failed to submit its findings of fact and conclusions of law after this hearing, as requested by the administrative law judge, although Connell submitted his.  As a result, no decision regarding this hearing was entered.

¶8     Nearly four years after the February 15, 1991 hearing, Connell moved for default judgment, and, in the alternative, to dismiss North Dakota's collection action.  The administrative law judge denied Connell's motions, and Connell appealed to the Fourth Judicial District Court, which affirmed the administrative law judge's decision. Connell then

appealed the District Court's decision to this Court. In *Connell v. State, Dept. of Social Services* (1997), 280 Mont. 491, 930 P.2d 88, this Court held that CSED's delay in submitting its findings of fact and conclusions of law after the February 15, 1991 hearing violated Connell's due process rights under Montana's Constitution. *Connell*, 280 Mont. at 498, 930 P.2d at 92-93. This Court remanded the case to the District Court for entry of an order dismissing "with prejudice" CSED's collection action against Connell. *Connell*, 280 Mont. at 498, 930 P.2d at 93.

¶9 On February 3, 1997, the District Court issued its Order and Judgment, dismissing with prejudice CSED's collection action against Connell and awarding Connell his attorney's fees and costs.

¶10 On February 5, 1998, the District Court ordered the release of certain seized funds and again awarded Connell his attorney's fees and costs. In its order, the District Court stated that, "In this case, Connell sought a determination that he owed no child support whatsoever . . . [and] [t]his Court [the District Court] determines that should be the interpretation given the Supreme Court's decision." CSED did not appeal this order, although the director of Child Support Enforcement Division for the North Dakota Department of Human Services was aware of the decision.

¶11 On April 9, 2001, the State of North Dakota moved to intervene for purposes of vacating the above-quoted portion of the District Court's 1998 order, so as to pursue further collection actions against Connell. The District Court denied the State of North Dakota's motion to intervene on October 1, 2001, and awarded Connell his attorney's fees and costs.

¶12 The State of North Dakota now appeals the District Court's judgment.

## STANDARD OF REVIEW

¶13 We review a district court's order granting or denying a motion to intervene for abuse of discretion. *In re Adoption of C.C.L.B.*, 2001 MT 66, ¶ 23, 305 Mont. 22, ¶ 23, 22 P.3d 646, ¶ 23. The test for an abuse of discretion is whether a district court "acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *Shilhanek v. D-2 Trucking, Inc.*, 2000 MT 16, ¶ 24, 298 Mont. 101, ¶ 24, 994 P.2d 1105, ¶ 24.

## DISCUSSION

¶14 **1. Did the District Court err in denying the State of North Dakota's motion to intervene as a matter of right under Rule 24(a)(2) of the Montana Rules of Civil Procedure?**

¶15 The State of North Dakota argues that the District Court did not have subject matter jurisdiction in 1998 to dismiss or to modify a North Dakota child support order. As such, the State of North Dakota maintains that its motion to intervene satisfies the criteria necessary for intervention of right under Rule 24(a)(2) of the Montana Rules of Civil Procedure.

¶16 Specifically, the State of North Dakota contends that its intervention is timely, given that no time limit exists on when to bring a motion to vacate. Second, the State of North Dakota contends that it has a legally protectable interest in the subject matter of this case, namely child support arrearages. Third, the State of North Dakota argues that the District Court's 1998 opinion and order impaired its ability to protect its interest by, in effect,

4

prohibiting it from commencing a child support enforcement action against Connell in the State of Montana. Fourth, the State of North Dakota maintains that its interest was not adequately protected by CSED, because CSED did not appeal the District Court's 1998 opinion and order. Finally, the State of North Dakota contends that its purpose in moving for intervention is not to relitigate the issues of child support. Rather, its purpose is to establish that the District Court lacked subject matter jurisdiction in dismissing with prejudice CSED's claim against Connell for child support.

¶17 Connell argues that intervention is not appropriate, as the State of North Dakota's motion for intervention was untimely and because the State of North Dakota's interests were adequately represented. Specifically, Connell maintains that the State of North Dakota did nothing to attempt to intervene while the District Court entered three separate orders regarding this case, the last of which was entered approximately three years prior to the State of North Dakota's first attempt at intervention. In addition, Connell contends that the State of North Dakota's rights were, indeed, represented since CSED acted as an agent of the State of North Dakota. Finally, Connell argues that the doctrine of *res judicata* bars any further proceedings in this case, as the State of North Dakota could have appealed the issues it now raises after the District Court first issued its February 5, 1998 order, but it did not.

¶18 We agree that the State of North Dakota's motion for intervention is untimely.

¶19 A motion for intervention shall be permitted when the applicant claims that

an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that

5

interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a)(2), M.R.Civ.P.

¶20    In *Estate of Schwenke v. Becktold* (1992), 252 Mont. 127, 827 P.2d 808, we set out the four criteria which a petitioner must meet in moving for intervention as a matter of right. These criteria include:  (1) the motion must be timely; (2) the intervenor must have an interest in the subject matter at issue; (3) the intervenor must have an interest which may be impaired by the disposition of the case; and (4) the intervenor must have an interest which was not adequately represented by an existing party.  *Schwenke*, 252 Mont. at 131, 827 P.2d at 811.  In addition, a determining factor in a motion for intervention is whether the motion seeks to relitigate or reopen issues already decided.  *In re Marriage of Glass* (1985), 215 Mont. 248, 253, 697 P.2d 96, 99.

¶21    Timeliness is determined from the particular circumstances surrounding the action. *Schwenke*, 252 Mont. at 131, 827 P.2d at 811 (citing *NAACP v. New York* (1973), 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648).

¶22    We have held a motion to intervene is untimely when filed 16 months after the initiation of a personal injury action, *Schwenke*, 252 Mont. at 132, 827 P.2d at 811; four and one half months after notice of the original complaint was given, *Grenfell v. Duffy* (1982), 198 Mont. 90, 95, 643 P.2d 1184, 1187; two and one half years after becoming aware of a promissory note at issue, *Archer v. LaMarch Creek Ranch* (1977), 174 Mont. 429, 433, 571 P.2d 379, 382; and three years after filing suit, *Continental Ins. Co. v. Bottomly* (1988), 233

Mont. 277, 280, 760 P.2d 73, 75.

¶23 In the case at bar, the State of North Dakota sought intervention three years after entry of the District Court's final judgment on February 5, 1998, and twelve years after its own referral to CSED. William Strate, then the director of the Child Support Enforcement Division for the North Dakota Department of Human Services, admitted that he was aware of the February 5, 1998 opinion and order. The State of North Dakota had sufficient time to appeal this order, yet waited another three years to intervene. Based on *Schwenke*, *Grenfell*, *Archer*, and *Continental Ins. Co.*, we hold that the District Court did not err in concluding that the State of North Dakota's motion to intervene was untimely.

¶24 The State of North Dakota also asserts that this Court, in *Connell*, modified the judgment of a sister state in violation of both federal and state uniform enforcement acts. We disagree.

¶25 We determined in *Connell* that because CSED so egregiously violated Connell's due process rights in failing to submit proposed findings of fact and conclusions of law after the February 15, 1991 hearing, the collection action upon which the State of North Dakota employed CSED as its agent should be dismissed with prejudice. We held that as a sanction for its conduct, the State of North Dakota could no longer seek enforcement of its judgment against Connell. There exists no reference in *Connell* to any modification to the State of North Dakota's child support decree, nor is there any reference in the District Court's order. Rather, this Court and the District Court simply barred the State of North Dakota's enforcement of its judgment against Connell in Montana.

¶26 **2. Did the District Court err in denying the State of North Dakota's motion to intervene as permissive intervention under Rule 24(b)(2) of the Montana Rules of Civil Procedure?**

¶27 The State of North Dakota argues that its motion for permissive intervention was timely, given that permitting the State of North Dakota to intervene would "not unduly delay or prejudice Connell's rights," nor would it "interfere with orderly judicial processes."

¶28 As we held in *Schwenke*, "a motion to intervene must be timely regardless of whether intervention is sought as of right under 24(a) or by permission under 24(b)." *Schwenke*, 252 Mont. at 133, 827 P.2d at 812.

¶29 Because we hold that the State of North Dakota's motion to intervene was untimely, it did not satisfy the threshold requirement for permissive intervention. We hold that the District Court did not abuse its discretion in denying the State of North Dakota's motion to intervene as permissive intervention.

¶30 **3. Did the District Court err in awarding attorney's fees?**

¶31 The State of North Dakota argues that the District Court's award of attorney's fees was "a clear error of law," as there was no finding by the District Court that Connell was forced to secure counsel as a result of a frivolous or malicious motion. The State of North Dakota argues that the District Court misapplied this Court's holding in *Foy v. Anderson* (1978), 176 Mont. 507, 580 P.2d 114, because application of the "equitable exception" is "extremely narrow."

¶32 Connell argues that the District Court's award of attorney's fees and costs was an appropriate equitable remedy for the violation of his constitutional rights, given that such an

8

award is within the sole discretion of a district court. We agree.

¶33 We held in *Foy* that a district court, under its equity power, may grant relief, in the form of attorney's fees, when equity so requires. *Foy*, 176 Mont. at 511-12, 580 P.2d at 116-17. In *Foy*, the defendant asserted no claim against the plaintiff; however, the plaintiff sought to bring the defendant into the plaintiff's ongoing lawsuit. The defendant then secured the services of an attorney and brought a motion to dismiss the plaintiff's claim against her. In so doing, the defendant was forced to defend a non-meritorious action, incurring attorney's fees and costs. Hence, we held that the district court's award of attorney's fees and costs was proper so as to make the defendant whole or return her to the same position as before the plaintiff sought to bring her into the lawsuit. *Foy*, 176 Mont. at 511-12, 580 P.2d at 117.

¶34 Here the District Court found that "Connell ha[d] been forced to employ counsel to defend a non-meritorious motion which was both untimely and inappropriate." And, "[a]s a wholly innocent party" to the proceedings, the District Court awarded attorney's fees and costs. On these facts, we hold that the District Court did not abuse its discretion in awarding Connell attorney's fees and costs under *Foy*.

¶35 The District Court's denial of the State of North Dakota's motion to intervene and its grant of attorney's fees and costs to Connell is affirmed.

/S/ JAMES C. NELSON

9

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART