

DA 07-0409

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 263N

LARRY KIM SMITH,

        Petitioner and Appellee,

v.

BOARD OF COUNTY COMMISSIONERS,
LEWIS & CLARK COUNTY,

        Respondent and Appellee.

RON & VIVIAN DRAKE, WILLIAM & BEVERLY HERMAN,
and MELVIN & SANDRA BEATTIE,

        Intervenors and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. CDV-2004-211
                     Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Roy H. Andes, Attorney at Law, Helena, Montana

        For Appellee Larry Kim Smith:

                Jacqueline T. Lenmark, Keller, Reynolds, Drake, Johnson
                & Gillespie, P.C., Helena, Montana

        For Appellee Board of County Commissioners, Lewis and Clark County:

                Leo Gallagher, County Attorney, K. Paul Stahl, Deputy County Attorney,
                Helena, Montana

Submitted on Briefs:  May 14, 2008

Decided:  July 29, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Ron and Vivian Drake, William and Beverly Herman, and Melvin and Sandra Beattie (collectively Intervenors) from the District Court's order denying their Motion for Leave to Intervene in an action between Larry Smith and the Lewis & Clark County Board of County Commissioners (the County).

¶3 This case stems from the County's denial of Smith's application for approval of his "Frontier Major Subdivision" located in the SE1/4 of Section 13, T11N, R4W, of Lewis & Clark County. Intervenors were active opponents of the subdivision during the County's review process.

¶4 Smith filed a Petition for Judicial Review of the County's denial of his subdivision application on March 16, 2004. Smith neither issued nor served any summons upon the County at that time. On November 6, 2006, Smith's attorney wrote to the County asking it to reconsider its previous decision based on Smith's desire to "submit . . . 'new evidence' in support of his original subdivision proposal . . . ."

¶5 On February 20, 2007, as the three-year time limit for service of process approached, Smith and the County entered into an "Agreement for Tolling of Applicable

3

Limitations" because they were engaged in settlement negotiations. In early April 2007, Smith and the County agreed that the Petition for Judicial Review should be served upon the County; consequently, Smith had the summons issued on April 6, 2007. The County acknowledged service on April 10, 2007, and the return of service was filed on April 13, 2007. Smith and the County agreed that the County need not respond pending the outcome of their continuing negotiations.

¶6    On May 1, 2007, Intervenors filed their Motion for Leave to Intervene as respondents in this case on the side of the County. Smith opposed the motion arguing, among other things, that it was untimely. Smith argued that the Petition for Judicial Review was a matter of public record, yet Intervenors waited more than three years to file their motion. Smith also argued that Intervenors were aware of his request for reconsideration since Vivian Drake, one of the Intervenors, mentioned in her May 1, 2007 affidavit that she attended the February 13, 2007 hearing on the matter and spoke in opposition to the subdivision at the March 13, 2007 hearing, yet Intervenors waited until negotiations between Smith and the County were almost final before filing their Motion for Leave to Intervene.

¶7    Thereafter, Smith and the County filed with the District Court their "Joint Petition for Order Approving Settlement and for Dismissal with Prejudice" on June 5, 2007. That same day, the District Court entered its "Order Approving Settlement and for Dismissal with Prejudice" along with its "Order on Motion to Intervene." In the latter, the court denied the motion as untimely because Smith and the County had actively been involved in settlement negotiations since at least February 2007, and they had reached an

4

agreement. The court also noted that if the Intervenors believed that the agreement and the proceedings leading up to it were in violation of the law, they could file a separate action challenging the decision to grant Smith preliminary approval for his proposed subdivision.

¶8 Intervenors appeal the District Court's decision and present the following issues for review by this Court:

¶9 1. Whether Intervenors' Motion for Intervention should have been granted.

¶10 2. Whether the judgment of dismissal should be reversed and remanded.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Furthermore, because we hold that the District Court did not abuse its discretion in denying Intervenors' Motion for Leave to Intervene, we do not address Intervenors' second issue.

¶12 This Court reviews a district court's order granting or denying a motion to intervene for abuse of discretion. *Connell v. Dept. of Social and Rehab. Serv.*, 2003 MT 361, ¶ 13, 319 Mont. 69, ¶ 13, 81 P.3d 1279, ¶ 13 (citing *In re Adoption of C.C.L.B.*, 2001 MT 66, ¶ 23, 305 Mont. 22, ¶ 23, 22 P.3d 646, ¶ 23). The test for an abuse of discretion is whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Connell*, ¶ 13 (citing *Shilhanek v. D-2 Trucking, Inc.*, 2000 MT 16, ¶ 24, 298 Mont. 101, ¶ 24, 994 P.2d 1105, ¶ 24).

¶13 Intervention in an action is governed by M. R. Civ. P. 24, which provides in pertinent parts:

> **Rule 24(a). Intervention of right.** *Upon timely application* anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. [Emphasis added.]
>
> **Rule 24(b). Permissive intervention.** *Upon timely application* anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. [Emphasis added.]

Thus, whether intervention is sought as a matter of right under Rule 24(a) or by permission under Rule 24(b), timeliness is a threshold issue. *C.C.L.B.*, ¶22 (citing *Estate of Schwenke v. Becktold*, 252 Mont. 127, 133, 827 P.2d 808, 811-12 (1992)).

¶14 Moreover, we have determined that the rules regarding intervention are "discretionary judicial efficiency rule[s] used to avoid delay, circuity and multiplicity of suits." *Grenfell v. Duffy*, 198 Mont. 90, 95, 643 P.2d 1184, 1187 (1982) (citing *State ex rel. Westlake v. District Court*, 119 Mont. 222, 173 P.2d 896 (1946)). In exercising its discretion, the court must consider whether the intervention will unduly delay or

prejudice the adjudication of the rights of the original parties. *C.C.L.B.*, ¶ 22 (citing M. R. Civ. P. 24(b)).

¶15 In *Schwenke*, 252 Mont. at 131-32, 827 P.2d at 811, we stated that timeliness must be determined from the particular circumstances surrounding the action. And, in examining that proposition in *Connell*, we cited several examples of untimely applications to intervene:

> We have held a motion to intervene is untimely when filed 16 months after the initiation of a personal injury action, *Schwenke*, 252 Mont. at 132, 827 P.2d at 811; four and one half months after notice of the original complaint was given, *Grenfell,* [198 Mont. at 95, 643 P.2d at 1187]; two and one half years after becoming aware of a promissory note at issue, *Archer v. LaMarch Creek Ranch* (1977), 174 Mont. 429, 433, 571 P.2d 379, 382; and three years after filing suit, *Continental Ins. Co. v. Bottomly* (1988), 233 Mont. 277, 280, 760 P.2d 73, 75.

*Connell*, ¶ 22.

¶16 In the instant case, Drake admitted in her affidavit that Intervenors actively participated in all proceedings before the County. They were aware of the outcome of the County's initial determination on the subdivision; of Smith's filing of a Petition for Judicial Review; of Smith's request for reconsideration; and of the continued pendency of Smith's action, yet they did not move to intervene until several months after Smith and the County had entered into settlement negotiations.

¶17 Contrary to Intervenors' contention in their brief on appeal that at the time they filed their motion on May 1, 2007, "negotiations had apparently just gotten underway," negotiations had been ongoing since early November 2006 when Smith requested the County reconsider its decision, a period of almost seven months. As the County pointed

7

out in its brief on appeal, to allow intervention at the time the motion was filed "would have derailed months of settlement negotiations between the parties." We conclude that to return this matter to the trial court would perpetuate the "delay, circuity and multiplicity of suits" that are to be avoided when deciding whether to allow intervention. *Grenfell,* 198 Mont. at 95, 643 P.2d at 1187.

¶18 Based on the foregoing, we hold that the District Court did not abuse its discretion in denying Intervenors' Motion for Leave to Intervene.

¶19 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS