JUSTICE NELSON
specially concurs.
¶71 I specially concur in the Court’s Opinion, although I also agree with Landowners’ argument, on brief, that Aspen Trails’ motion to intervene after judgment was untimely. Read together, our cases hold that post-judgment motions to intervene are generally disfavored and that once the litigation has commenced and the potential intervenor has had notice and the opportunity to move to intervene, but fails to do so, then intervention after the litigation has concluded and judgment entered is untimely and should be denied. See Connell v. Dept. of Social and Rehab. Serv., 2003 MT 361, 319 Mont. 69, 81 P.3d 1279, and the cases collected and discussed therein.
¶72 Here, on the basis of our well-established jurisprudence, the trial court could have and, in my view, should have, denied Aspen Trails’ untimely motion to intervene. In doing so, the court would have saved the Landowners the time, trouble and expense of defending this appeal. I also agree with Justice Rice’s discussion on the District Court taking new evidence.
¶73 That said, however, I concur in the ultimate result reached by the Court in this case.