FILED

March 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0199

DA 14-0199

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 77

ABBEY/LAND LLC, a Montana limited liability
company,

        Plaintiff and Appellee,

  v.

INTERSTATE MECHANICAL, INC., et al.,

        Defendants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-09-1198A
                    Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

        For Proposed Intervenor James River Insurance Company:

                Robert K. Baldwin, Benjamin J. Alke, Goetz, Baldwin & Geddes, P.C.,
                Bozeman, Montana

        For Appellee Abbey/Land, LLC:

                George B. Best, Best & Westover Law Office, Kalispell, Montana

                Jon E. Cushman, Cushman Law Offices, P.C., Olympia, Washington

        For Glacier Construction Partner, LLC:

                William K. VanCanagan, Trent N. Walker, J.R. Casillas, Datsopoulos,
                McDonald & Lind, P.C., Missoula, Montana

                          Submitted on Briefs:  February 4, 2015
                                    Decided:  March 10, 2015

Filed:

                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    James River Insurance Company, proposed intervenor in this action, appeals from the District Court's entry of final judgment on March 17, 2014.  We reverse and remand for further proceedings.

## BACKGROUND

¶2    This action is one of several involving disputes arising from the construction of a large house on Shelter Island, located in Flathead Lake, Montana.[1]  There are no stipulated facts, no factual findings by the District Court, and the parties do not agree on several factual issues.  Therefore, nothing in this Opinion should be taken as a finding or a determination of disputed fact.

¶3    An individual named Donald Abbey formed Abbey/Land LLC, as its sole member, to purchase Shelter Island in 2001. When Abbey/Land fell into disputes with contractors who were working to build a large house on the island, Donald Abbey formed Glacier Construction Partners LLC to handle the contracting for construction of the house.  Again Donald Abbey was the sole member of the Glacier LLC, and he signed the Abbey/Land-Glacier construction contract on behalf of each entity.  Glacier entered a $1.4 million contract with Interstate Mechanical, Inc. for the design and installation of the plumbing and heating-cooling system for the house.  Subsequent change orders increased the value of that contract by approximately $1 million.

---

[1] The briefing and attached exhibits in this appeal identified Montana District Court cases in Flathead and Lake Counties; an action in the United States District Court for the District of Oregon; and an arbitration.

¶4 In 2009, disputes arose between Interstate and Glacier. In July 2009 Interstate initiated an arbitration action to recover payments that it claimed as a result of its work on the house project. In September 2009 Abbey/Land and Glacier, as plaintiffs, filed the current action for damages in Montana District Court in Flathead County against Interstate and other entities involved in the house project.

¶5 Subsequently Glacier asserted counterclaims in the Interstate arbitration proceeding, and in January 2011, Glacier obtained a positive arbitration award against Interstate of slightly over $400,000. In September 2011, Abbey/Land filed an amended complaint in the Flathead County action, dismissing its sister entity Glacier as a plaintiff and naming it as a defendant. Glacier then tendered the Abbey/Land claims to its comprehensive general liability insurer, James River. James River refused to provide defense or indemnity, asserting that the claims-made policy it issued to Glacier did not provide coverage.

¶6 In May 2013, Glacier and Abbey/Land settled the Flathead County action as between themselves.[2] The settlement required Glacier to confess to a $12 million judgment in favor of Abbey/Land and to assign to Abbey/Land all its rights against various insurers, including James River.

¶7 In August 2013, James River moved to intervene in the Flathead County action for the limited purpose of challenging the reasonableness of the $12 million confessed judgment against Glacier and in favor of Abbey/Land. James River requested that it be

---

[2] Donald Abbey, the principal of both Abbey/Land and Glacier, executed the confession of judgment on behalf of Glacier.

3

allowed "to contest the reasonableness of the confession as it is the result of impermissible collusion between Plaintiff Abbey/Land LLC and Defendant Glacier, who are both owned and controlled by Mr. Donald G. Abbey." The parties and James River briefed their positions on the motion to intervene, and in the meanwhile Abbey/Land or Glacier or both entered settlements with all other parties, including several other insurers who had moved to intervene to challenge the confessed judgment. The District Court never ruled on James River's motion to intervene and never ruled upon the issues that James River raised concerning the reasonableness of the confessed judgment.

¶8     On March 17, 2014, the District Court entered final judgment against Glacier and in favor of Abbey/Land for $12 million plus interest at the annual rate of 12%. The judgment recited that it was supported "on oath" and by "exhibits and other evidence" demonstrating that the judgment was "reasonable in amount, was entered in good faith and on a more likely than not basis, is less than the amount [Abbey/Land] would have recovered at trial." It is not clear what oaths, exhibits or other evidence the District Court referred to, but there is no indication that the District Court considered James River's position that the confessed judgment was not reasonable.

¶9     James River appeals, arguing that the District Court should not have entered this judgment without considering either its motion to intervene or the reasonableness of the confessed judgment.

## STANDARD OF REVIEW

¶10 This Court reviews a district court's action on a motion to intervene for abuse of discretion. *Aspen Trails Ranch v. Simmons*, 2010 MT 79, ¶ 29, 356 Mont. 41, 230 P.3d 808.

## DISCUSSION

¶11 The issue is whether the District Court properly entered final judgment based upon Glacier's confession of judgment, without considering the merits of James River's motion to intervene. We determine that James River should have been allowed to intervene in order to present its arguments and evidence concerning the reasonableness of the confession of judgment agreed to by Glacier.

¶12 It is well established that an insurer who unjustifiably refuses to provide defense or indemnification to its insured can be liable to the insured for the resulting defense costs and for judgments or settlements. *Farmers Union Mutual Ins. Co. v. Staples*, 2004 MT 108, ¶ 20, 321 Mont. 99, 90 P.3d 381; *Independent Milk & Cream v. Aetna,* 68 Mont. 152, 158-59, 216 P. 1109, 1111 (1923). In *Tidyman's Management Services v. Davis*, 2014 MT 205, 376 Mont. 80, 330 P.3d 1139, this Court recognized that an insured's settlement in such a situation must be reasonable. *Tidyman's*, ¶ 40; § 27-1-302, MCA; *Watson v. West*, 2011 MT 57, ¶ 11, 360 Mont. 9, 250 P.3d 845 (district court's award of damages after defendant's default must be reasonable). The insurer, even when in breach of its obligations to its insured, is entitled to have the district court make a determination of the reasonableness of a settlement entered by the insured. *Tidyman's*, ¶ 41.

5

¶13 The insurer bears the burden to establish that the insured's settlement was unreasonable. *Tidyman's,* ¶ 41. The district court may set the parameters of the reasonableness hearing, and may determine whether there should be discovery and to what extent. *Tidyman's* ¶ 44. The district court must engage in a meaningful analysis of the reasonableness of the insured's settlement. *Tidyman's,* ¶ 43. In this case, Abby/Land contends that James River is liable to it for Glacier's $12 million confessed judgment, but James River was denied any opportunity to challenge the reasonableness of that amount.

¶14 James River's right under *Tidyman's* to challenge the reasonableness of Glacier's confessed judgment provided adequate grounds to allow James River to intervene in the underlying action. Rule 24(a), M. R. Civ. P., allows intervention as a matter of right if the applicant is timely; if the applicant has an interest in the subject matter of the action; if the applicant's interest may be impaired by the disposition of the action; and if the applicant's interest is not adequately represented by an existing party. *Estate of Schwenke v. Becktold*, 252 Mont. 127, 131, 827 P.2d 808, 811 (1992). Here, James River filed a timely application to intervene prior to entry of judgment. *JAS, Inc. v. Eisele*, 2014 MT 77, ¶ 27, 374 Mont. 312, 321 P.3d 113 (intervention application can be timely even if filed after entry of judgment).

¶15 It is clear that James River has an interest in the subject matter of the litigation, in which Abbey/Land and its sister entity Glacier agreed to a judgment that Abbey/Land intends to enforce against James River. It is equally clear that the disposition of the action—entry of judgment on Glacier's confession and without affording James River the opportunity to be heard—impairs James River's interests. Last, while other insurers were

6

seeking to intervene and challenge the reasonableness of the confession, by the time the case concluded they had all withdrawn. There was no other person or entity in the case representing James River's interest. Abbey/Land contends that James River has no need to intervene, but may make its reasonableness arguments in the separate pending lawsuit in Lake County which involves, at least in part, the coverage obligations of various insurers, including James River. However, James River is entitled to make its reasonableness showing in the present action. *Nielsen v. TIG Ins. Co.,* 442 F. Supp.2d 972, 981 (D. Mont. 2006) (an insurer should raise reasonableness issues in the underlying lawsuit, and not in a separate declaratory judgment action concerning coverage). The issue of coverage is not involved in this case.

¶16    James River was entitled to intervene in this action to contest the reasonableness of the confessed judgment. *Aspen Trails*, ¶ 35. While the District Court's judgment recited that the confessed judgment was entered in good faith and that the amount was reasonable, those pro-forma recitations are insufficient to satisfy James River's right to meaningfully contest the reasonableness of the settlement amount. The District Court erred by entering final judgment without considering James River's application.

¶17    We reverse the District Court's judgment dated March 17, 2014, in favor of Abbey/Land LLC and against Glacier Construction Partners, LLC, in the amount of $12 million. We remand and direct the District Court to enter an order allowing James River Insurance Company to intervene in order to raise the issue of the reasonableness of the confessed judgment and whether it was the product of collusion. The District Court may

set the reasonable parameters of the proceeding to determine these issues, and may determine whether there should be discovery and to what extent.

¶18    Reversed and remanded for further proceedings consistent with this Opinion.


                                    /S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE