FILED

March 16 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0446

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 49

IN RE MARRIAGE OF:

HOLLY H. WOLF LOFTIS,

        Petitioner and Appellee,

    v.

JOSEPH B. LOFTIS,

        Respondent and Appellee,

    v.

WALTER WOLF,

        Intervenor and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixth Judicial District, In and For the County of Park, Cause No. DR 2009-038 Honorable Wm. Nels Swandal, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

    Leanne M. Schraudner, Schraudner & Hillier, PLLC, Bozeman, Montana

    For Appellee Holly H. Wolf Loftis:

    Kevin S. Brown, Paoli & Brown, P.C., Livingston, Montana

    For Appellee Joseph B. Loftis:

    Kent M. Kasting, Kasting, Kauffman & Mersen, P.C., Bozeman, Montana

                Submitted on Briefs:  February 17, 2010

                          Decided:  March 16, 2010

Filed:

_____
                        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Walter Wolf appeals an order of the District Court for the Sixth Judicial District, Park County, denying his Motion to Intervene in the Declaration of Invalidity proceeding of Holly Wolf Loftis, Walter's former spouse, and Joseph Loftis. We affirm.

¶2     We address the following issue on appeal: Whether the District Court erred in denying Walter's Motion to Intervene.

## Factual and Procedural Background

¶3     Holly and Walter entered into a Dissolution Agreement on February 11, 2002, in Gallatin County, Montana, wherein Walter agreed to pay Holly $6,000 per month in spousal maintenance until her death. The agreement also stipulated that if Holly shared a residence for more than six months with someone with whom she was having an intimate relationship, the amount would be reduced by $2,000.

¶4     Holly and Joseph were married on August 17, 2008, and the following month, Walter stopped paying spousal maintenance to Holly. On April 16, 2009, Holly filed a petition in Park County, Montana, to have her marriage to Joseph declared invalid based upon her allegation that she had been fraudulently induced to enter into the marriage. Walter sought to intervene in the proceedings asserting that the entry of a retroactive decree of invalidity could affect his obligation to make maintenance payments to Holly.

¶5     The Park County District Court denied Walter's Motion to Intervene and subsequently entered its Findings of Fact, Conclusions of law and Decree of Invalidity declaring Holly's and Joseph's marriage invalid "effective as of the date of the parties' marriage." Walter appeals the District Court's denial of his Motion to Intervene.

3

## Standard of Review

¶6      Under M. R. Civ. P. 24, intervention may be either as a matter of right or by permission of the court. Our review of a district court's grant or denial of a motion to intervene as a matter of right under M. R. Civ. P. 24(a) is de novo. *See In re Adoption of C.C.L.B.*, 2001 MT 66, ¶ 16, 305 Mont. 22, 22 P.3d 646 (whether the party seeking intervention has made a prima facie showing of an interest in the proceedings is a conclusion of law which we review for correctness). On the other hand, we review a district court's grant or denial of a motion for permissive intervention pursuant to M. R. Civ. P. 24(b), for an abuse of discretion. *See Connell v. Dept. of Social and Rehab. Serv.*, 2003 MT 361, ¶ 13, 319 Mont. 69, 81 P.3d 1279. In addition, we review the timeliness of a motion under either M. R. Civ. P. 24(a) (intervention as a matter of right) or M. R. Civ. P. 24(b) (permissive intervention) for an abuse of discretion. *See Estate of Schwenke v. Becktold*, 252 Mont. 127, 131-32, 827 P.2d 808, 811 (1992).

## Discussion

¶7      *Whether the District Court erred in denying Walter's Motion to Intervene.*

¶8      Walter moved to intervene in Holly's and Joseph's invalidity proceedings pursuant to M. R. Civ. P. 24(a), which provides:

> **Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

4

Walter argued in the court below and now on appeal that he had a direct interest in the invalidity proceedings because the reason Holly sought an annulment rather than a divorce from Joseph was so that she could again receive maintenance payments from Walter. On that basis, Walter contends that he should have been permitted to argue that Holly and Joseph had not satisfied the requirements for obtaining an annulment or, in the alternative, that the annulment should not have been retroactive.

¶9    In prior decisions before this Court, we have observed that M. R. Civ. P. 24 "is a discretionary, judicial efficiency rule. It is used to avoid delay, circuity and multiplicity of actions." *In re Marriage of Glass*, 215 Mont. 248, 253, 697 P.2d 96, 99 (1985) (citing *Grenfell v. Duffy*, 198 Mont. 90, 95, 643 P.2d 1184, 1187 (1982)). We have also stated that in order to intervene as a matter of right under M. R. Civ. P. 24(a), an applicant must satisfy the following four criteria: (1) the application must be timely; (2) it must show an interest in the subject matter of the action; (3) it must show that the protection of that interest may be impaired by the disposition of the action; and (4) it must show that that interest is not adequately represented by an existing party. *Estate of Schwenke*, 252 Mont. at 131, 827 P.2d at 811 (citing 3B Moore's Federal Practice, ¶ 24.07[1], at 24-50 (2d ed. 1987); *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985), *cert denied*, 474 U.S. 980, 106 S. Ct. 383 (1985)).

¶10    Walter argues that he has satisfied each of the requirements for intervention, thus the District Court erred in denying his Motion to Intervene. Holly and Joseph filed separate briefs in response to Walter's appeal. While Joseph, in his brief, agrees that

5

Walter's motion was timely filed and that neither Joseph nor Holly are representing Walter's interests, Joseph argues that Walter has not met the other two requirements.

¶11 Both Holly and Joseph point out that Walter should not be allowed to intervene because only Holly and Joseph could litigate the validity of their marriage. Nevertheless, Holly spends a majority of her brief addressing M. R. Civ. P. 24(b) regarding permissive intervention. But, as already indicated in this Opinion, Walter moved to intervene as a matter of right under M. R. Civ. P. 24(a), not for permissive intervention under M. R. Civ. P. 24(b).

¶12 Joseph, on the other hand, arguing under M. R. Civ. P. 24(a), maintains that Walter does not have an interest in the subject matter of the invalidity proceedings. Rather, Joseph argues that Walter has the right and the ability to have his claim fully adjudicated in the court that originally addressed Holly's and Walter's dissolution action and which has continuing jurisdiction to revisit that action when circumstances between the two change. We agree. Whether Walter's maintenance obligation to Holly terminated upon her remarriage was not an issue before the District Court, nor is it a question before this Court.

¶13 A party seeking intervention as a matter of right "must make a prima facie showing of a direct, substantial, legally-protectable interest in the proceedings" as a "mere claim of interest is insufficient to support intervention as a matter of right." *Adoption of C.C.L.B.*, ¶ 16 (citing *Devoe v. State*, 281 Mont. 356, 363, 935 P.2d 256, 260 (1997); *Aniballi v. Aniballi*, 255 Mont. 384, 386-87, 842 P.2d 342, 343-44 (1992)).

6

¶14 Both Holly and Joseph cite to *In re Marriage of Heidema*, 2007 MT 20, 335 Mont. 362, 152 P.3d 112, as support for their arguments that the District Court did not err in denying Walter's Motion to Intervene. While *Heidema* involves a dissolution proceeding rather than an invalidity proceeding, our decision in that case is instructive.

¶15 Douglas Faw was injured while employed as a ranch hand for brothers Jack and John Heidema in the Heidemas' ranch operations. The Heidemas did not have workers' compensation insurance coverage and Faw's medical expenses as a result of his injuries exceeded $1,000,000. Faw filed suit against the Heidemas and the Heidema Partnership for negligence and for failure to provide workers' compensation coverage. Subsequently, Jack's wife, Sydne, filed a petition for dissolution of their marriage. Faw attempted to intervene in the divorce action asserting that the divorce was being sought only to protect Sydne's interest in the marital estate against Faw's pending lawsuits. *Heidema*, ¶¶ 3-4.

¶16 In his motion to intervene, Faw asserted that he was entitled to intervene as a matter of right because he had an interest relating to property in the marital estate and that distribution of the marital estate would impede or impair his ability to protect his interests. *Heidema*, ¶ 10. He further asserted that his interests were not protected by the parties to the dissolution action. *Heidema*, ¶ 10. The District Court granted Faw's motion stating that the timing of the dissolution petition warranted permissive intervention in order for the court to adequately address Faw's interests. *Heidema*, ¶¶ 5, 10. However, after Jack and Sydne entered into a settlement agreement, the court entered a final decree of dissolution over Faw's objections. *Heidema*, ¶ 7.

¶17 On appeal, we questioned whether the District Court should have allowed Faw to intervene in the dissolution action in the first place because Faw had not made a prima facie showing of an actual interest in the Heidema's property, and because Faw had other avenues available to him for protecting his alleged interest in the property. *Heidema*, ¶ 11 (citing M. R. Civ. P. 24(a)(2); *Aniballi*, 255 Mont. at 386-87, 842 P.2d at 343-44). We pointed out in *Heidema* that the only proper parties in a dissolution proceeding are the spouses seeking to be divorced, *Heidema*, ¶ 13, thus we held that because Faw was not a party to the marriage, he had no standing to assert that the marriage was or was not irretrievably broken, *Heidema*, ¶ 14.

¶18 Similar to our observation in *Heidema* that the only proper parties to the dissolution proceeding in that case were the husband and wife, we conclude that the only proper parties to the invalidity proceeding in the instant case are Holly and Joseph. Walter has failed to demonstrate that he has "a direct, substantial, legally-protectable interest" in the invalidity proceedings. *See Adoption of C.C.L.B.*, ¶ 16. Any adjudication of Walter's maintenance obligation should be addressed by the Gallatin County District Court that entered the Decree of Dissolution in Holly's and Walter's divorce action. That court is the proper forum to consider Walter's arguments that he no longer has a maintenance obligation to Holly as that court has continuing jurisdiction to resolve the issue Walter raised.

¶19 Because we conclude that Walter has not established a direct, substantial, legally-protectable interest in the invalidity proceedings, we hold that the District Court

correctly concluded that Walter does not have a sufficient claim of interest to intervene as a matter of right in the invalidity proceedings.

¶20    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE