FILED

April 12 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0486

DA 15-0486

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 87N

THE ESTATES HOMEOWNERS ASSOCIATION
(GROUSE MOUNTAIN), INC.,

       Plaintiff and Appellee,

  v.

CITY OF WHITEFISH,

       Defendant and Appellant,

  and

GROUSE MOUNTAIN HOMEWOWNERS, INC.,

       Proposed Intervenor and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DV 14-1215B
                  Honorable Robert B Allison, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Terry N. Trieweiler, Trieweiler Hedman Hileman & Lacosta, Whitefish,
              Montana
              (*Attorney for Grouse Mountain Homeowners, Inc.*)

              Angela K. Jacobs, City Attorney, Whitefish, Montana

       For Appellee:

              Sean S. Frampton, Morrison & Frampton, PLLP, Whitefish, Montana
              (*Attorney for Grouse Mountain*)

                       Submitted on Briefs:  March 23, 2016
                                Decided:  April 12, 2016

Filed:

                            _____
                                     Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The City of Whitefish (City) appeals an order by the Eleventh Judicial District Court, Flathead County, granting summary judgment to The Estates Homeowners Association (Grouse Mountain), Inc. (Estates) on the issue of whether a city resolution interferes with Estates' vested right to construct gates on Mountainside Drive, a private road. Grouse Mountain Homeowners, Inc. (Homeowners) appeals the District Court's order denying Homeowners' motion to intervene in this action and the District Court's denial of Homeowners' motion to revise that order. We address whether the District Court: (1) erred in denying Homeowners' motion to intervene as a matter of right; (2) abused its discretion in denying Homeowners' motion for permissive intervention; (3) erred in granting summary judgment to Estates and denying summary judgment to the City; and (4) incorrectly concluded that a justiciable controversy exists between Estates and the City. We affirm on all issues.

¶3 Estates and Homeowners are associations of homeowners who own property in the Grouse Mountain residential subdivision. Grouse Mountain was developed in three phases. Phases I and II, which include the lower area of the subdivision surrounding a golf course, are managed by Homeowners. Phase III, known as Grouse Mountain Estates, is managed by Estates and is accessed via Mountainside Drive. The City

approved the final plats for the subdivision subject to conditions of approval. Condition 12(a) provides: "The roads in Grouse Mountain Estates shall be private roads and the Homeowner's Association shall be entitled to close them to vehicular access by the public." Condition 18 provides: "A reciprocal easement agreement shall be agreed to between Grouse Mountain Estates and Grouse Mountain Phases I, II, and II [sic] homeowners associations to ensure reciprocal street access through each subdivision." Pursuant to Condition 18, Estates and Homeowners entered into an easement agreement granting Homeowners' residents the right to use Mountainside Drive. Condition 24 provides: "Plans for streets . . . shall be approved by the Public Works Director prior to construction."

¶4 In October 2014, the City adopted Resolution 14-48, which prohibits any subdivision from gating its streets to prevent public access. Estates filed suit seeking a declaratory judgment that it has the right to construct gates to the entrances of Grouse Mountain Estates on opposite ends of Mountainside Drive. Homeowners moved to intervene, contending that gates on Mountainside Drive would impede and obstruct the reasonable use of Homeowners' easement, as provided by Condition 18 of the final plat approval. The District Court denied Homeowners' motion. The Court concluded that Homeowners did not have a justiciable controversy because "no gates have been installed and there has been no interference with the easement interest of [Homeowners] or breach of contract." The Court further concluded that protection of Homeowners' alleged easement interest "would not be impaired by a decision" in favor of Estates. The Court concluded that the City adequately represented Homeowners' interests as residents of Whitefish in keeping Mountainside Drive open to public access. Homeowners moved for

3

revision of the District Court's order denying its motion to intervene. The District Court denied that motion. Homeowners has since filed a separate action against Estates to protect its easement interests.

¶5 After the District Court denied Homeowners' motion to intervene, Estates and the City cross-filed for summary judgment. Estates moved for summary judgment that Resolution 14-48 presents an unlawful interference or impairment of Estates' vested right to gate private roads as provided by Condition 12(a) of the final plat approval. The City argued that Estates' complaint was an impermissible request for an advisory opinion based on the District Court's logic in denying Homeowners' motion to intervene. The City further contended that Estates' property interests is not an absolute vested right because it is subject to conditions of approval, City subdivision regulations, and engineering standards. The District Court granted Estates' motion for summary judgment and denied the City's motion. The Court concluded: "The City did grant the right to Grouse Mountain to close its private roads to vehicular access by the public. The Resolution disallowing gates closing streets from public access interferes with that right." The Court further concluded that a justiciable controversy exists between Estates and the City because Resolution 14-48 directly affects Estates' property interest, which vested when the City approved the final plats for the subdivision.

¶6 Homeowners appeals the District Court's denial of its motion to intervene and motion for revision of that denial. The City appeals the District Court's order denying the City's motion for summary judgment and granting summary judgment to Estates.

¶7 We review de novo a district court's denial of a motion to intervene as a matter of right under M. R. Civ. P. 24(a). *Loftis v. Loftis*, 2010 MT 49, ¶ 6, 355 Mont. 316,

4

227 P.3d 1030. We review for abuse of discretion a district court's denial of a motion for permissive intervention under M. R. Civ. P. 24(b). *Loftis*, ¶ 6. A district court abuses its discretion when it acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *Seltzer v. Morton*, 2007 MT 62, ¶ 65, 336 Mont. 225, 154 P.3d 561.

¶8 We review summary judgment orders de novo. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149. Summary judgment is appropriate when the moving party demonstrates an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3). "A district court's ruling on whether a justiciable controversy exists is a conclusion of law," which we review for correctness. *Northfield Ins. Co. v. Mont. Ass'n of Cntys.*, 2000 MT 256, ¶ 8, 301 Mont. 472, 10 P.3d 813.

¶9 Homeowners contends that the District Court should have granted its motion to intervene as of right under M. R. Civ. P. 24(a)(2), which provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction which is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

The timeliness of Homeowners' motion is not disputed. Homeowners contends that it has a direct interest in the subject matter of this litigation because Estates claims that it has an unequivocal vested right to close its road by gates when, in fact, Estates' right is limited by Homeowners' reasonable use of an easement over Mountainside Drive. Alternatively, Homeowners contends that the District Court should have granted it permissive intervention under M. R. Civ. P. 24(b). M. R. Civ. P. 24(b)(1)(B) provides: "On timely motion, the court may permit anyone to intervene who . . . has a claim or

5

defense that shares with the main action a common question of law or fact." Homeowners contends that it should have been allowed to intervene because whether the gates impair Homeowners' easement rights is a common question of law and fact.

¶10 Contrary to Homeowners' assertions, the easement issue is not common to both parties' claims. Estates contends that Resolution 14-48 interferes with its vested property interests, whereas Homeowners contends that the construction of gates on Mountainside Drive will interfere with its contractual easement interests. The applicability of Resolution 14-48 to Estates involves different facts and different law than the interpretation of the easement contract between Estates and Homeowners. Further, a judgment that Resolution 14-48 interferes with Estates' property interests does not necessarily preclude Homeowners from arguing that a gate on Mountainside Drive would interfere with its easement interests. The District Court determined that Homeowners could assert its interest through separate litigation. That, in fact, is what Homeowners has done. The District Court did not err in denying Homeowners' motion to intervene as of right or abuse its discretion in denying Homeowners' motion for permissive intervention.

¶11 Because we resolve Homeowners' involvement in this case by concluding that the District Court did not err in denying Homeowners' motion for intervention, we need not decide whether the District Court correctly determined that Homeowners has no justiciable controversy against Estates. By the same logic, we decline to address Homeowners' arguments concerning summary judgment. Since Homeowners was not properly a party to this lawsuit, it cannot appeal the merits.

¶12 We next turn to the City's appeal of the District Court's order granting summary judgment to Estates and denying summary judgment to the City. In its response to the City's appellate brief, Estates contends that its two main arguments—that it has a vested right and that Resolution 14-48 interferes with that right—were unopposed by the City during the District Court proceedings. Estates cites the City's motion for summary judgment and response to Estates' motion for summary judgment to support this contention. A review of that document reveals that the City clearly opposed Estates' arguments that it had a vested right—contending that public works approval was necessary before Estates could install the gates—and that Resolution 14-48 interfered with Estates' vested right. Because the City raised these arguments before the District Court, we will address them on appeal.

¶13 The City contends that the District Court erred in its summary judgment order for two reasons. First, the City contends that the District Court should not have reached the issue of whether Resolution 14-48 violated Estates' constitutional right because, the City argues, no justiciable controversy existed. Second, the City contends that the District Court erred in determining that Estates' constitutionally-protected property right in installing gates on Mountainside Drive vested at final plat approval. These two issues are related and, therefore, we will address them simultaneously.

¶14 This Court engages in a three-part analyses to determine whether a justiciable controversy exists:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interests. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion.

7

> Third, [it] must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Chipman v. Nw. Healthcare Corp.*, 2012 MT 242, ¶ 19, 366 Mont. 450, 288 P.3d 193 (change in original and citation omitted).

¶15 The District Court concluded that Estates' right is existing and genuine because Condition 12(a) "granted [Estates] the right to have private roads and to close its private roads . . . to vehicular access by the public. That right vested upon final plat approval." The City contends that this conclusion is incorrect, attempting to characterize Estates' right as conditional and therefore incomplete. The City contends that Estates' proposed gates on Mountainside Drive are subject to the Public Works Department's review pursuant to the City's engineering standards and Condition 24 of final plat approval. Condition 24 specifically refers to plans for streets. Estates desires to install a gate, not a street. Further, as Estates points out, the City only approved the final plats once all of the conditions were satisfied. *See* § 76-3-611(1), MCA ("The governing body shall examine each final subdivision plat and shall approve the plat only if: (a) it conforms to the conditions of approval set forth on the preliminary plat . . . ."). The District Court correctly determined that Estates' right to construct gates on private roads within the Grouse Mountain Estates subdivision vested when Estates received its final plat. The City cannot now withdraw its approval of that plat by passing Resolution 14-48.

¶16 The District Court's decision resolved a concrete dispute between the parties as to their existing rights. A controversy existed upon which the District Court's judgment effectively operated: Estates has an existing property right to construct gates on its

8

private roads, and Resolution 14-48 conflicts with this right by prohibiting Estates from constructing gates on its private roads. We disagree with the City that the "triggering event" that would have created a concrete controversy is the members' approval of the installation of permanent gates on Mountainside Drive. In fact, the triggering event was the City's passage of Resolution 14-48, which interfered with Estates' vested property interest. The judgment in this case will have the effect of a final judgment on the rights of the parties. Therefore, the District Court correctly concluded that a justiciable controversy exists.[1] The District Court's grant of summary judgment to Estates and denial of summary judgment to the City was appropriate because a justiciable controversy exists, Estates' property right vested upon final plat approval, and Resolution 14-48 interferes with that property right.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, its findings of fact were not clearly erroneous, and its ruling was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

---

[1] Because we did not address whether the District Court erred in finding that no justiciable controversy exists between Estates and Homeowners, we decline to address whether that ruling is inconsistent with the District Court's conclusion that a justiciable controversy exists between the City and Estates.

9

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE