FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0214

DA 16-0214

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 49N

IN RE THE MARRIAGE OF:

MICHAEL NOVAK,

        Petitioner and Appellee,

    v.

TERESA NOVAK,

        Respondent and Appellee,

and

JOSEPH C. ENGEL, III P.C.,

        Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District, In and For the County of Cascade, Cause No. CDR-10-501(a) Honorable Gregory G. Pinski, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Joseph C. Engel, III (Self-Represented), Great Falls, Montana

        For Appellees:

            Daniel Flaherty, Patrick Flaherty, Flaherty Law Office, Great Falls, Montana

            Jeffrey Ferguson, Attorney at Law, Great Falls, Montana

            Submitted on Briefs: December 21, 2016

                    Decided: March 7, 2017

Filed:

_____
                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael and Teresa Novak were married in 1988. In March 2010, Teresa sustained a serious head injury and has been unable to maintain gainful employment since the accident. Moreover, she faces continued medical expenses as a result of her injury. Michael sought a divorce in July 2010. The marriage was dissolved in October 2012. In response to initiation of the divorce proceeding, Teresa hired Joseph Engel as her attorney. He represented her through her appeal to this Court. In *In re Marriage of Novak*, 2014 MT 62, 374 Mont. 182, 320 P.3d 459, decided on March 11, 2014, we reversed and remanded the matter to the Eighth Judicial District Court for evaluation of whether Teresa was entitled to maintenance and attorney fees. We affirmed the District Court's valuation of Michael's share of a business enterprise entered into during the marriage.

¶3 On April 7, 2014, shortly after remand, Engel, on behalf of Teresa, filed a motion to substitute the judge which the District Court denied on April 16, 2014. Shortly thereafter, Teresa fired Engel and obtained successor counsel.

¶4 On July 8, 2014, Engel filed notice with the District Court that he was asserting an Attorney's Statutory Charging Lien and a Common Law Retaining Lien in the Novak dissolution proceeding in the amount of his unpaid legal fees and costs totaling $70,056.66, accrued while representing Teresa. Engel's fees and costs originally totaled $102,694.80 but Teresa reduced this amount by paying him $32,638.14 from an earlier settlement he had obtained for her following her injury.

¶5 In June 2015, Engel filed a motion to intervene in the dissolution proceeding under M. R. Civ. P. 24(a)(2) (Rule 24), attempting to assure that "the issue of attorney fees will be properly and fully considered by the [c]ourt." On October 29, 2015, the District Court held an evidentiary hearing during which Michael, Teresa, and Engel testified and submitted exhibits, including substantial documentation pertaining to Engel's legal fees. Michael and Teresa informed the court that they had reached an agreement on maintenance; consequently, the only remaining issue for the District Court to resolve was Teresa's legal fees.

¶6 On January 5, 2016, the District Court entered its Findings of Fact, Conclusions of Law, and Order Denying [Teresa's] Motion for Attorney Fees. In this Order, the District Court also denied Engel's motion to intervene, reviewed the parties' financial positions, analyzed Engel's fees and costs, reduced them after finding them unreasonable, and ultimately denied Teresa's motion for fees concluding that, based upon Michael's negative net monthly income, he could not afford to pay Teresa's fees.

¶7 Engel appeals. We affirm.

¶8    The issues on appeal are as follows:

Did the District Court err by denying Engel's motion for substitution?

Did the District Court err by denying Engel's motion to intervene?

Did the District Court err by conducting a "reasonability" analysis of Engel's fees and costs, reducing them in accordance with the analysis, and thereafter refusing to order Michael to pay the fees and costs?

¶9    *Did the District Court err by denying Engel's motion for substitution?*

¶10    Section 3-1-804(12), MCA, provides in relevant part that "[w]hen a judgment or order is reversed or modified on appeal and the cause is remanded to the district court for a new trial . . . each adverse party is entitled to one motion for substitution of district judge. . . .    There is no other right of substitution in cases remanded by the supreme court."  This Court addressed the right of substitution under § 3-1-804(12), MCA, in *Williams v. Williams*, 2011 MT 63, 360 Mont. 46, 250 P.3d 850.  In *Williams*, we affirmed the district court's denial of a motion for substitution on the grounds that we did not contemplate or indicate that the issues should be retried upon remand; rather, we instructed the district court to reconsider and recalculate the husband's child support obligation and reapportion the marital estate.  *Williams*, ¶¶ 14-15.  As in *Williams*, in the case at bar, we reversed and remanded the District Court with instructions to conduct a proper evaluation of whether Teresa is entitled to maintenance and attorney fees.  *Novak*, ¶ 39.  We review a district court's denial of a motion to substitute a judge for correctness.  *Williams*, ¶ 11.    The remanded proceeding did not mandate an opportunity for substitution of the judge under § 3-1-804(12), MCA.  The District Court did not err when it denied the motion.

5

¶11 *Did the District Court err by denying Engel's motion to intervene?*

¶12 Engel was replaced by successor counsel in April 2014. Engel filed a one-sentence motion to intervene "pursuant to Rule 24(a)(2)" in June 2015. His eight-paragraph brief in support provided <u>no</u> statutory or case authority to support his argument. Additionally, Engel failed to comply with applicable (Cascade County) Local Rule 7(b). Local Rule 7(b) requires a party to file a "notice of issue" which alerts the presiding court of the existence of a pending motion ready for resolution. The District Court in this case did not discover Engel's motion until the case file was provided to the court for hearing preparation in October 2015. In addition to noting that Engel did not comply with the applicable local rule, the District Court reviewed the four factors set forth in Rule 24(a)(2), as well as our discussion in *Connell v. State Dep't. of Soc. & Rehab. Servs.*, 2003 MT 361, 319 Mont. 69, 81 P.3d 1279, both of which address intervention of right, and correctly concluded that Engel's motion satisfied none of the factors. The court then analyzed the motion under Rule 24(b), addressing permissive intervention, and determined that the requirements of 24(b) were not met as well. We review a district court's decision on intervention by right de novo and its decision on permissive intervention for abuse of discretion. *Loftis v. Loftis*, 2010 MT 49, ¶ 6, 355 Mont. 316, 227 P.3d 1030. The District Court's analysis and conclusion that Engel's claim did not satisfy the requirements for intervention was neither erroneous nor an abuse its discretion.

¶13 Lastly, Engel claims on appeal that the District Court erred in relying on *Connell*, arguing that the court "should have recognized [Engel's] standing to intervene pursuant

6

to the operation of § 37-61-420, M.C.A." As noted above, Engel's motion to intervene relied solely on Rule 24(a)(2). In fact, there is no mention of § 37-61-420, MCA, in his motion or his brief. We will not put a district court in error for failing to "recognize" or consider an argument or legal theory not presented to the court. *Yecovenko v. State*, 2007 MT 338, ¶ 14, 340 Mont. 251, 173 P.3d 684.

¶14 *Did the District Court err by conducting a "reasonability" analysis of Engel's fees and costs, reducing them in accordance with the analysis, and thereafter refusing to order Michael to pay the fees and costs?*

¶15 Engel reasserts his claim that the District Court had no authority to preside over this case after the Motion to Substitute Judge was filed and that it erred when it denied Engel's Motion to Intervene. He claims that had he been allowed to intervene, he would have sought his legal fees under "the law of sanctions for discovery abuse," as opposed to § 40-4-110, MCA, the statute relied upon by the District Court. Engel claims that once the District Court ruled that Michael would not be responsible for Teresa's legal fees, the court should have stopped its analysis but instead it continued by "attacking" the "reasonableness" of the fees. Engel's argument is flawed and unpersuasive.

¶16 The District Court analyzed Engel's legal fees claim under § 40-4-110, MCA. Section 40-4-110, MCA, provides, in relevant part, "The court . . . after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party . . . and for professional fees . . . ."

¶17 Upon reversal of the District Court's initial denial of Teresa's request for attorney fees, we remanded with instruction to the District Court to conduct an evaluation of Teresa's income in relation to her needs in order to determine if she was entitled to

7

attorney fees. We stated that the court should consider the financial resources of both parties as required by § 40-4-110, MCA. *Novak*, ¶ 29. Additionally, citing *In re Marriage of Bee*, 2002 MT 49, ¶ 42, 309 Mont. 34, 43 P.3d 903, we advised that the award must be: (1) based on necessity; (2) reasonable; and (3) based on competent evidence.

¶18 To determine whether imposing any or all of Engel's fees on Michael would be reasonable based upon the parties' circumstances, the court had to determine the amount of fees involved. For this determination, the District Court applied the well-established guidelines for determining the reasonableness of attorney fees set forth in *Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984. Upon completing a careful assessment of Engel's billing statements, the District Court reduced Engel's fees and costs from $102,694.80 to $ 44,475.55, finding the original fees and costs excessive and unreasonable under the *Plath* factors and when compared to Michael's fees for the same litigation. After subtracting the $32,638.14 paid by Teresa, the court concluded Engel was owed $11,837.41. The District Court was authorized to perform this assessment of Engel's fees and costs and did not err by doing so.

¶19 After reducing Engel's fees and costs, the District Court nonetheless determined that Michael was not in a financial position to pay them. The court noted that Michael owed over $15,000 to his own attorney and that Michael experienced a negative net monthly income whereas Teresa saw a small positive net monthly income.

¶20 We review a district court's conclusion regarding the existence of legal authority to award attorney fees for correctness. If legal authority exists, we review a court's order

granting or denying attorney fees for an abuse of discretion. *Folsom v. City of Livingston*, 2016 MT 238, ¶ 13, 385 Mont. 20, 381 P.3d 539.

¶21 Based upon the court's acknowledgment of its legal authority to award attorney fees and its detailed analysis of the requested fees and the parties' respective financial circumstances, the District Court did not abuse its discretion when it declined to order Michael to pay Engel's fees.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court findings of fact were not clearly erroneous, its conclusions were not incorrect, and its ruling was not an abuse of discretion.

¶23 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

9