IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 01-859

2002 MT18

_____

**OPINION AND ORDER**

SPORTSMEN FOR I-143,

MONTANA WILDLIFE FEDERATION,

Applicants,

v.

MONTANA FIFTEENTH JUDICIAL

DISTRICT COURT, SHERIDAN COUNTY,

HONORABLE DAVID JAMES CYBULSKI,

PRESIDING,

Respondent.

_____

¶1 Sportsmen For I-143 and Montana Wildlife Federation (the Sportsmen's Groups) have filed an application for writ of supervisory control. The Sportsmen's Groups request that this Court exercise supervisory control by ordering the Fifteenth Judicial District Court to

permit them to intervene in an action challenging the enforcement of ballot Initiative 143. On December 18, 2001, the Court granted a stay of the District Court proceedings and ordered Respondent to respond to the Sportsmen's Groups' application. In its brief, Respondent contends that this case is not an extraordinary case warranting an exercise of supervisory control. However, Respondent, for the most part, fails to address the merits of intervention discussed at length in the Sportsmen's Groups' application.

¶2 Initiative 143 (I-143), which proposed a prohibition of the shooting of alternative livestock for a fee, was approved by Montana voters in November 2000. As a result, the legislature amended § 87-4-414(2), MCA, which now provides that an alternative livestock licensee "may not allow the shooting of game animals or alternative livestock . . . or of any exotic big game species for a fee or other remuneration on an alternative livestock facility." Alternative game farmers have challenged the statute in two judicial districts. The Sportsmen's Groups, which supported I-143, moved to intervene in all of these proceedings. They were permitted to intervene in one action, are awaiting decisions in two others and were denied the opportunity to intervene in the instant action.

¶3 The Sportsmen's Groups contend that a writ of supervisory control is appropriate because a direct appeal of the District Court's order of November 27, 2001, denying their motion to intervene would be a wholly inadequate remedy. They claim an appeal after final judgment will not protect the Sportsmen's Groups' right to defend I-143 in the District Court, especially if the District Court consolidates the pending actions without their participation. Moreover, the Sportsmen's Groups argue that the issue presented is purely legal in nature, is of statewide significance and presents circumstances of an emergency nature since the court's order denying intervention may not be appealed until final judgment has been entered. Respondent, on the other hand, claims the Sportsmen's Groups must appeal the denial of their motion to intervene after entry of final judgment.

¶4 We will assume supervisory control over a district court, as authorized by Article VII, Section 2(2) of the Montana Constitution and Rule 17(a), M.R.App.P., to control the course of litigation where the district court is proceeding under a mistake of law, and in so doing is causing significant injustice, and where the remedy by appeal is inadequate. Our determination of whether supervisory control is appropriate is a case-by-case decision, based on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring. *Park v. Montana Sixth Jud. Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, ¶ 13, 961 P.2d 1267, ¶ 13 (citing *Plumb v. Fourth Jud. Dist. Court* (1996), 279 Mont. 363, 368-69, 927 P.2d 1011, 1014-15; *State ex rel. Mazurek v. District Court*

(1996), 277 Mont. 349, 352-53, 922 P.2d 474, 476-77).

¶5 We have noted that while an order denying a motion to intervene is not separately appealable under Rule 1, M.R.App.P., the proper appeal from such an interlocutory order lies after entry of final judgment. *Custody of R.R.K.* (1993), 260 Mont. 191, 202, 859 P.2d 998, 1005; *Estate of Schwenke* (1992), 252 Mont. 127, 130-31, 827 P.2d 808, 810; *Continental Ins. Co. v. Bottomly* (1988), 233 Mont. 277, 279, 760 P.2d 73, 75. However, we have stated that supervisory control may be used to immediately review an interlocutory order where there is no remedy by appeal or other remedial procedure and where extraordinary circumstances are present. *Custody of R.R.K.*, 260 Mont. at 202, 859 P.2d at 1005-06; *State ex rel. Palmer v. District Court* (1980), 190 Mont. 185, 187, 619 P.2d 1201, 1203. In addition, we have allowed supervisory control when an appeal from a final judgment would impose undue hardship on an applicant and be wholly inadequate as a remedy. *State ex rel. Great Falls Nat. Bank v. District Court* (1969), 154 Mont. 336, 340, 463 P.2d 326, 328. Finally, supervisory control may be used to prevent extended and needless litigation. *State ex rel. First Bank System v. District Court* (1989), 240 Mont. 77, 84-85, 782 P.2d 1260, 1264.

¶6 Having reviewed the briefs submitted in support of and in opposition to the Sportsmen's Groups' application, we conclude this is an extraordinary case and supervisory control is proper. The case presents the purely legal issue of whether the primary proponent of a ballot initiative has a legally protectable interest sufficient to allow it to intervene in a case challenging the resulting statute. This is an issue of both first impression and statewide importance. Additionally, and most importantly, appeal following final judgment in this case would come too late. It would not allow the Sportsmen's Groups the opportunity to participate in the defense of the initiative they actively supported. Furthermore, if the Sportsmen's Groups successfully appealed the denial of their motion to intervene after final judgment, extended and needless litigation would result. Under these circumstances, an appeal from final judgment is a wholly inadequate remedy, and supervisory control is appropriate.

¶7 Having determined that this is a proper case for supervisory control, we turn to the issue of whether intervention is appropriate in this case. Pursuant to Rule 24(a), M.R.Civ. P., application for intervention as a matter of right must satisfy each of the following factors: (1) be timely; (2) show an interest in the subject matter of the action; (3) show that the protection of the interest may be impaired by the disposition of the action; and (4) show that the interest is not adequately represented by an existing party. *Estate of*

*Schwenke*, 252 Mont. at 131, 827 P.2d at 811. Montana's rule is essentially identical to the federal rule which is interpreted liberally. *Sagebrush Rebellion, Inc. v. Watt* (9th Cir. 1983), 713 F.2d 525, 527.

¶8 At the outset, the Court notes that the first factor to consider in determining whether intervention is proper, timeliness, is conceded here. Thus, the Court focuses its attention on the remaining three factors.

¶9 Regarding the second factor, the Sportsmen's Groups must show an interest in the subject matter of the action. A mere claim of interest is insufficient to support intervention as of right under Rule 24(a)(2), M.R.Civ.P. A district court must determine whether the party seeking intervention has made a prima facie showing of a "'direct, substantial, legally protectable interest in the proceedings.'" *DeVoe v. State* (1997), 281 Mont. 356, 363, 935 P.2d 256, 260 (citing *Aniballi v. Aniballi* (1992), 255 Mont. 384, 386-87, 842 P.2d 342, 343-44 (citation omitted)). Such a determination is a conclusion of law which we will review to determine whether the court's interpretation of the law is correct. *DeVoe*, 281 Mont. at 363, 935 P.2d at 260 (citations omitted).

¶10 Here, the District Court held that the Sportsmen's Groups did not have a legally protectable interest in either the property (alternative livestock) or the lawful business transactions between two alternative livestock owners. It also found that because the legal validity of I-143 is not at issue, the Sportsmen's Groups do not have a cognizable interest in the litigation. The District Court vehemently rejected the notion that the Sportsmen's Groups have any interest in the sale and slaughter of alternative livestock and opined that "[a]griculture has always been and will always be our State's number one industry, and we should not forget it."

¶11 The Sportsmen's Groups, however, claim they have a legally protectable interest in the validity and enforceability of I-143 because their members, as Montana citizens, are the beneficiaries of the State's obligations as trustee for the management and protection of game animals. They note that although Montana law has not addressed intervention by ballot supporters, the Ninth Circuit has approved of such intervention.

¶12 On this issue, the Ninth Circuit has stated that "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Federation v. Babbit* (9th Cir. 1995), 58 F.3d 1392, 1397 (citing *Sagebrush Rebellion,* 713 F.2d at 527). *See also Michigan State AFL-CIO v. Miller*

(6th Cir. 1997), 103 F.3d 1240, 1245-47; *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior* (10th Cir. 1996), 100 F.3d 837, 842. We find the Ninth Circuit precedent persuasive. In this case, the Sportsmen's Groups were the authors, sponsors, active supporters and defenders of I-143. Accordingly, we conclude that the Sportsmen's Groups have a direct, substantial, legally protectable interest in the instant action challenging the interpretation of I-143, and, as such, they are entitled to intervene as a matter of right. We hold that the District Court incorrectly held that the Sportsmen's Groups did not have an interest in this litigation sufficient to support intervention.

¶13 With regard to the third factor, the Sportsmen's Groups must show that the protection of their interest may be impaired by the disposition of the action. The District Court did not address this factor, having concluded that the Sportsmen's Groups had no legally protectable interest in the litigation. Based on our analysis above, we hold that the District Court erred in so concluding. An adverse decision in this suit would impair the Sportsmen's Groups' interest in the management and protection of Montana's game animals.

¶14 Finally, the Sportsmen's Groups must show that their interest is not adequately represented by an existing party-namely, the Montana Department of Fish, Wildlife and Parks (FWP). The requirement of inadequacy of representation is satisfied if an applicant shows that representation of its interests "may be" inadequate and the burden of making this showing is minimal. *Sagebrush Rebellion,* 713 F.2d at 528 (citing *Trbovich v. United Mine Workers of America* (1972), 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L. Ed.2d 686, 694 n. 10).

¶15 The District Court held that the Sportsmen's Groups failed to allege or demonstrate that FWP will not zealously defend the Sportsmen's Groups' position in this case. It further stated that no party is in a better position to defend the interpretation of I-143 than the Attorney General on behalf of the FWP. Similarly, Respondent argues that the Attorney General has appeared and vigorously defended the FWP's interpretation of the statute which is identical to that of the Sportsmen's Groups.

¶16 The Sportsmen's Groups claim that while they support the efforts of the FWP to date, they want to ensure that their interests are vigorously represented at all times-especially since the Director of the FWP is a political appointee and considering the ongoing political controversy surrounding the game farm issue.

¶17 We conclude that the Sportsmen's Groups who actively drafted and supported I-143 may be in the best position to defend their interpretation of the resulting legislation. Accordingly, we hold that the District Court erred in holding that the Sportsmen's Groups are adequately represented by the FWP.

¶18 THEREFORE IT IS HEREBY ORDERED:

¶19 1. The Sportsmen's Groups' application for a writ of supervisory control is GRANTED.

¶20 2. The stay issued by this Court on December 18, 2001, is lifted, and the Fifteenth Judicial District Court shall permit the Sportsmen's Groups to intervene in the matter of *Spoklie v. Montana Dept. of Fish Wildlife & Parks*, DC-11013, under Rule 24(a), M.R.Civ. P.

¶21 The Clerk is directed to mail a copy of this order to counsel for the Sportsmen's Groups, Respondent and to the Clerk of the District Court of Sheridan County, Montana.

DATED this 31st day of January, 2002.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ JIM RICE