PAUL J. KELLY, JR., Circuit Judge,
joined by TACHA, Chief Judge, PORFILIO, O’BRIEN, McCONNELL and HOLMES, Circuit Judges,
concurring in the judgment:
The court holds that SUWA is not entitled to intervene in this lawsuit, and I agree. However, I do not join the court’s discussion of the meaning of “interest” in Fed.R.Civ.P. 24(a), and I respectfully dissent from its conclusion that SUWA has a legally protectable interest in this quiet title action.
*1208 This case is a dispute between the federal government and San Juan County over whether the County has a valid right of way over a dirt road in Canyonlands National Park. Although it claims no legal or equitable interest in the title to the land, SUWA seeks to intervene as of right pursuant to Rule 24(a). That rule requires the would-be intervenor to establish “an interest relating to the property or transaction which is the subject of the action .... ” Id. Under our precedent, the interest at stake must be “direct, substantial, and legally protectable.” City of Stilwell v. Ozarks Rural Elec. Coop. Corp., 79 F.3d 1038, 1042 (10th Cir.1996). In other words, the interest must be one “by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties.” Smith v. Gale, 144 U.S. 509, 518, 12 S.Ct. 674, 36 L.Ed. 521 (1892).[1] SUWA’s asserted interest is contingent at best because it will be implicated only if (1) the County obtains a favorable ruling and (2) the County later decides to open the road to traffic, a potential decision that cannot be affected by this lawsuit in any way. See Alameda Water & Sanitation Dist. v. Browner, 9 F.3d 88, 91 (10th Cir.1993) (“The opportunity to offer extraneous evidence ... beyond the scope of the narrow issue before the district court, is not an interest protectable in the underlying action.”).
Moreover, SUWA’s interest is not related to the property rights at stake. The “property” at issue in this case is the title to Salt Creek Road, not the land on which it sits. The natural reading of “relate” is “to show or establish logical or causal connection between.” Webster’s Ninth New Collegiate Dictionary 994 (1991). There can be no “logical or causal connection between” the interest in land use asserted by SUWA and the dispute over land ownership in this case; a mere change in ownership will have no “practical effect” on the land’s use, just as a change in the land’s use would not affect the ownership of Salt Creek Road.[2]
Although the court concerns itself with the “practical effect” of this lawsuit on SUWA, I am most concerned about the “practical effect” of the court’s interpretation of Rule 24(a) on future intervention cases. Until today, our circuit (along with *1209 at least six others[3]) has used a clearly-articulated and comprehensible standard for judging a party’s entitlement to mandatory intervention.[4] The court criticizes the standard’s “questionable pedigree” and declares it “problematic.” Ct. Op. at 1192-93. It may not be perfect, but it is preferable to the vague and malleable “practical effect” test the court employs in this case.[5]
Indeed, given the substantial “practical effect” an intervenor may have on litigation, I think it makes good sense to require an intervenor to have a “direct, substantial, and legally-protectable interest” before permitting intervention as of right. Despite the court’s assertions to the contrary, see Ct. Op. at 1173-74, intervenors may well be full participants in lawsuits.[6] They are given the opportunity to make arguments, present evidence, register objections, and appeal adverse decisions. Furthermore, an intervenor in a quiet title action seeking to maintain the land’s current use has every incentive to use its participation to postpone a final decision on the merits, thereby prolonging its use at the expense of the parties’ need to have a final adjudication of the title.[7] In light of *1210 the significant costs of permitting intervention in a case like this, a party that simply fears the “practical effect” of a lawsuit is deserving of the more limited (but still significant) participation available to an amicus curiae.
Accordingly, I conclude that SUWA has not asserted “an interest relating to the property ... which is the subject of the action,” and I concur in the court’s judgment that SUWA is not entitled to intervene as of right under Fed.R.Civ.P. 24(a). I also agree with Judge McConnell’s conclusion that intervention in this case is barred by sovereign immunity, and I join his concurrence in full. As a result, it is not necessary in my view to reach the question of adequate representation.

. At 115 years old, this decision may fairly be described as a triple “super-duper precedent.” See 151 Cong. Rec. S10168, S10168 (2005) (statement of Sen. Specter).

. In Utah Association of Counties v. Clinton, we permitted SUWA and other environmental groups that had fought to have federal land designated as the Grand Staircase Escalante National Monument to intervene in a lawsuit challenging that designation because "[t]he interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is related to the property that is the subject of the action.” 255 F.3d 1246, 1252 (10th Cir.2001). Their claim was sufficiently related to the property at issue because both the lawsuit and the asserted interest concerned the use of the land. See id. at 1253 ("The intervenors contend these environmental and conservationist interests would be impaired were the monument to lose its protected status and previous land use plans to be reinstated.”) (emphasis added). However, we have never held that a use interest is sufficiently related to an ownership lawsuit to mandate intervention. See, e.g., Ozarks, 79 F.3d at 1042 (holding that a party with an interest in the use of power lines cannot intervene in an eminent domain lawsuit over the ownership of the lines). Indeed, the common law teaches that the opposite is true: to intervene in a quiet title suit under the common law, "the interest must be that created by a claim to or lien upon the property. ...” Smith, 144 U.S. at 518, 12 S.Ct. 674 (quoting Horn v. Volcano Water Co., 13 Cal. 62, 70 (1859) (Stephen J. Field, J.)). This longstanding practice should inform our understanding of "relating” in Rule 24(a).

. See Person v. New York State Bd. of Elections, 467 F.3d 141, 144 (2d Cir.2006); Ross v. Marshall, 426 F.3d 745, 757 (5th Cir.2005); Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir.2005); S. Cal. Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir.2002); Transamerica Ins. Co. v. South, 125 F.3d 392, 396 n. 4 (7th Cir.1997); United States v. Union Elec. Co., 64 F.3d 1152, 1161 (8th Cir.1995). Not surprisingly, many states have also utilized this standard. See, e.g., Brown v. Patel, 157 P.3d 117, 125 (Okla.2007); In re Adoption of D.M., 710 N.W.2d 441, 444-45 (S.D.2006); Sportsmen for I-143 v. Mont. Fifteenth Judicial County, 308 Mont. 189, 40 P.3d 400, 402 (2002); Cohen v. Cohen, 748 So.2d 91, 92 (Miss.1999); Fisher v. Fisher, 546 N.W.2d 354, 356 (N.D.1996); Ex parte Reichlyn, 310 S.C. 495, 427 S.E.2d 661, 664 (1993); State Highway Dep’t v. Parsons, 623 So.2d 285, 290 (Ala.1993); Fairview Gen. Hosp. v. Fletcher, 69 Ohio App.3d 827, 591 N.E.2d 1312, 1316 (1990); Winn v. First Bank of Irvington, 581 S.W.2d 21, 23 (Ky.Ct.App.1978).

. The court suggests that, while other courts have paid "lip service” to the "direct, substantial and legally protectable” standard, they have applied it unevenly. Ct. Op. at 1193. Of course, a few case citations cherry-picked from three decades of jurisprudence hardly casts doubt on the test's vitality, especially given that these same courts have continued to articulate and apply it. Moreover, even if certain courts in certain cases have "granted intervention as of right without identifying how the qualifying interest was legally protectable,” id. at 1197, this does not mean that those courts failed to look for (or find) one. Courts are certainly capable of understanding and applying the test without “parsing the terms legally protectable and direct." Id. at 1198.

. Our “direct, substantial, and legally protect-able” test is also more consonant with the "significant protectable interest” requirement articulated in Donaldson v. United States, 400 U.S. 517, 542, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Given that the court offers no defined alternative to our traditional standard, I hope lower courts will continue to employ it. The court's opinion leaves open this possibility. See Ct. Op. at 1194 ("This is not to say that it is error for a court addressing an application for intervention to consider whether the prospective intervenor's interest is direct, substantial, and legally protectable.”).

. Indeed, a "leading treatise” cited by the court has written: "It seems very doubtful ... that the court has the right to make significant inroads on the standing of an intervenor of right; in particular, it should not be allowed to limit the intervenor in the assertion of counterclaims or other new claims.” 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1922 (2d ed.1986); see also Cotter v. Mass. Ass’n. of Minority Law Enforcement Officers, 219 F.3d 31, 36 n. 2 (1st Cir.2000) (citing Wright & Miller and noting that "the extent to which such conditions may be imposed [is] unclear”).

. I do not mean to suggest that SUWA has engaged in delaying tactics in this lawsuit, but *1210 the potential for abuse is very real. Moreover, even SUWA’s non-abusive appeals have had the "practical effect” of delaying the resolution of this lawsuit for three years. Given that SUWA has no asserted interest in the title to the land at issue, this delay is unwarranted.