

**FILED**

08/11/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0295

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0295

ROBYN DRISCOLL; MONTANA DEMOCRATIC
PARTY; AND DEMOCRATIC SENATORIAL
CAMPAIGN COMMITTEE,

Plaintiffs and Appellees,

v.

COREY STAPLETON, IN HIS OFFICIAL
CAPACITY AS MONTANA SECRETARY OF
STATE,

Defendant and Appellant.

**ORDER**

AUG 1 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Proposed Intervenors-Appellants Speaker Greg Hertz on behalf of the House of Representatives of Montana and President Scott Sales on behalf of the Montana State Senate (Legislators) move this Court to intervene in this matter. Plaintiffs/Appellees Robyn Driscoll, Montana Democratic Party, and the Democratic Senatorial Campaign Committee (Plaintiffs) and Intervenors Western Native Voice, Montana Native Vote, Assiniboine and Sioux Tribes of Fort Peck, Blackfeet Nation, Confederate Salish and Kootenai Tribes, Crow Tribe, and Fort Belknap Indian Community (Intervenors) object to the intervention. Defendant/Appellant Corey Stapleton (Stapleton) does not object to the intervention.

The Plaintiffs, Legislators, and Intervenors agree an applicant must satisfy each of the following four criteria to be entitled to intervene as a matter of right: 1) be timely; 2) show an interest in the subject matter of the action; 3) show the protection of the interest may be impaired by the disposition of the action; and 4) show the interest is not adequately represented by an existing party. *Sportsmen for I-143 v. Mont. Fifteenth Judicial Dist.*

*Court*, 2002 MT 18, ¶ 7, 308 Mont. 189, 40 P.3d 400; *Estate of Schwenke v. Becktold*, 252 Mont. 127, 131, 827 P2d 808, 811 (1992).

We conclude Legislators have failed to satisfy these four criteria and, as such, are not entitled to intervene. First, Legislators motion to intervene is not timely. We generally look to four factors in considering whether a motion to intervene is timely: "(1) the length of time the intervenor knew or should have known of its interest in the case before moving to intervene; (2) the prejudice to the original parties, if intervention is granted, resulting from the intervenor's delay in making its application to intervene; (3) the prejudice to the intervenor if the motion is denied; and (4) any unusual circumstances mitigating for or against a determination that the application is timely." *In re C.C.L.B.*, 2001 MT 66, ¶ 24, 305 Mont. 22, 22 P.3d 646.

There are two pending District Court actions challenging the Ballot Interference Prevention Act and the election-day receipt deadline for absentee ballots—this case and *Western Native Voice v. Stapleton*, No. 20-0377 (13th Judicial Dist. filed March 25, 2020). This case was commenced five months ago on March 13, 2020. Preliminary injunction was granted by the District Court on May 22, 2020. Legislators failed to seek intervention in the District Court action. Over three months ago, Stapleton filed notice of appeal, petitioned this Court for supervisory control, and sought a stay of the District Court proceeding. On May 27, 2020, this Court denied the writ of supervisory control but stayed the District Court's order enjoining enforcement of the election-day receipt cutoff and ordered expedited appeal briefing to "allow sufficient time for consideration and ruling in advance of preparations for the November general election." Under that Order, the briefing in this case was completed on August 10, 2020.[1] Legislators do not assert they did not know or should not have known of this case and their interest in the case since it was filed and have failed to assert any legitimate reason they could not have sought timely intervention.

---

[1] Appellant's Brief was filed June 26, 2020, Appellees and Intervenors' answer briefs were filed July 27, 2020, and Appellant's Reply was filed August 10, 2020.

Although Legislators attached their proposed opening brief to their motion, apparently to show they were not intending additional delay, this is insufficient to avoid prejudice to the original parties were intervention granted. This matter is highly time sensitive and granting intervention will significantly delay consideration by extending the briefing to permit a response to Legislators' brief as well as a reply thereto. In sum, Legislators have failed to demonstrate their motion for intervention to be timely.

Further, Legislators have not shown an interest in the subject matter of the action or that their interest may be impaired by the disposition of the action. Rather, Legislators assert they have a claim under Article, I, Section 4, of the U.S. Constitution, which neither the Secretary nor the Attorney General acting on his behalf have standing to assert. While this may be accurate, now is not the time for Legislators to assert a claim not raised below. We generally will not address an issue raised for the first time on appeal, and the assertion of such does not support intervention.

Finally, Legislators have failed to demonstrate their interest is not adequately represented by Stapleton represented by the Attorney General. The Legislators' proposed brief, attached to their motion, makes clear their arguments are overlapping to those of Stapleton and the Attorney General is vigorously asserting the legislature has "a compelling interest in preserving the integrity of its election process" and the need to "protect its constitutionally granted exclusive authority." Accordingly,

IT IS ORDERED that Legislators' Motion to Intervene is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED this 11th day of August, 2020.

_____

_____

_____

3

_____

_____
Justices