FILED

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA



IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0254

FILED

OCT 0 6 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF:

J.S.L. and J.R.L.,

O R D E R

Youths in Need of Care

S.M. ("Mother") is the biological mother of J.S.L. and J.R.L. The Department of Public Health and Human Services, Child and Family Services Division ("the Department") filed for adjudication of the children as youths in need of care, which the District Court granted following an August 14, 2019 contested hearing. After a subsequent dispositional hearing, the District Court granted temporary legal custody to the Department. On February 19, 2020, the Department moved to place the children with S.L. ("Father"), and to dismiss the dependent neglect case without prejudice. On April 9, 2020, the District Court granted the Department's motion.

Mother appealed the District Court's Order on May 5, 2020. Mother filed her opening brief on September 15, 2020. On September 29, 2020, Father moved to intervene pursuant to Mont. R. App. P. 2(1)(f). Mother objects to Father's motion to intervene.

In order to be entitled to intervene as a matter of right, an applicant must satisfy each of the following four criteria: (1) be timely; (2) show an interest in the subject matter of the action; (3) show the protection of the interest may be impaired by the disposition of the action; and (4) show the interest is not adequately represented by an existing party. *Sportsmen for 1-143 v. Mont. Fifteenth Judicial Dist. Court*, 2002 MT 18, ¶ 7, 308 Mont. 189, 40 P.3d 400. All four criteria must be satisfied.

Father's motion to intervene fails to even acknowledge the fourth criterion, much less demonstrate that the Department will not adequately represent his interests on appeal. The Order on appeal is the District Court's granting of the Department's motion to place the children with Father, and to dismiss the dependent neglect case without prejudice. The Department has an obvious interest in defending court rulings made pursuant to its own motions. Although the Department's motion sought an objective that Father sought as well, Father has failed to address why the Department cannot or will not adequately represent this interest on appeal. Because Father has failed to satisfy all four criteria for intervention, his motion is denied.

IT IS THEREFORE ORDERED that Father's motion to intervene is DENIED.

DATED this 6 day of October, 2020.

Justices