FILED

11/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0316

DA 20-0316

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 292N

THREE BLIND MICE,

      Plaintiff and Appellee,

    v.

LARRY W. PRICE, JR.,

      Defendant and Appellee,

P&H TRUCKING, LLC and MY COMPANY, LLC,

      Intervenors and Appellants.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 18-1219
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Harlan B. Krogh, Eric Edward Nord, Crist, Krogh, Alke & Nord, PLLC, Billings, Montana

      For Appellee Three Blind Mice:

            Randall G. Nelson, Nelson Law Firm, P.C., Billings, Montana

                    Submitted on Briefs:  October 14, 2020

                            Decided:  November 24, 2020

Filed:

_____
              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Intervenors, P&H Trucking, LLC and MY Company, LLC, (collectively, "P&H") appeal from an Order entered in the Thirteenth Judicial District Court, Yellowstone County, denying P&H's motion to intervene and granting Three Blind Mice's (TBM) Motion for Summary Judgment.  We affirm.

¶3      This action stems from TBM's efforts to collect on a loan it had with Larry Price in the amount of $7.5 million.  Price defaulted on the loan, at which point TBM urged Price to convey some of his properties as satisfaction of his debt.  Price executed deeds for two Virginia properties and conveyed Lots 1-4 in Yellowstone County, Montana, to TBM.  The Yellowstone County lots are improved by a 26,000 square foot home worth $19 million in materials and labor; the property is not encumbered by any mortgage or lien.  On April 25, 2018, TBM filed an action against Price in district court (Cause No. DV-56-0671).  Shortly thereafter, Price signed a confession of judgment stating he owed TBM $11 million, plus interest, attorney's fees, and costs.  The District Court issued a judgment in favor of TBM and an Order for Prejudgment Writ of Attachment.

¶4      Price came to the attention of the federal government and was eventually charged and pled guilty to stealing approximately $40 million from P&H, through various schemes

involving his coal mining operations. Price also sought return of the property he conveyed to TBM, claiming duress. As a result, TBM filed the instant quiet title action on August 8, 2018 against Price. P&H sought to intervene in TBM's quiet title action on the basis of a judgment P&H had secured on June 28, 2018 against Price (Cause No. DV-18-0772). There is no dispute between the parties that P&H's judgment, secured in June 2018, was subsequent to TBM's judgment and receipt of the executed deeds in April 2018.

¶5 P&H sought leave to intervene in TBM's quiet title action. P&H's main purpose for pursuing intervention is that "all creditors are treated equally." P&H claims the District Court abused its discretion when it denied its motion to intervene. More specifically, P&H claims that, as a judgment creditor to Price, P&H has a claim to ownership and has met all the elements of intervention as a matter of right pursuant to Mont. R. Civ. P. 24(a).

¶6 We review a district court's order granting or denying a motion to intervene for an abuse of discretion. *In re C.C.L.B.*, 2001 MT 66, ¶ 23, 305 Mont. 22, 22 P.3d 646. A party seeking intervention as a matter of right must make a prima facie showing of a direct, substantial, legally protectable interest in the proceedings. *In re C.C.L.B.*, ¶ 16. A district court's determination regarding whether a party has made a prima facie showing is a conclusion of law, which this Court reviews for correctness. *In re C.C.L.B.*, ¶ 16.

¶7 Intervention under M. R. Civ. P. 24(a) requires satisfaction of four elements: (1) timeliness; (2) an interest in the subject matter of the action; (3) that the protection of the interest may be impaired by the disposition of the action; and (4) that the interest is not adequately represented by an existing party. *Sportsmen for I-143 v. Mont. Fifteenth Judicial Dist. Court*, 2002 MT 18, ¶ 7, 308 Mont. 189, 40 P.3d 400. These

3

elements are in the conjunctive, requiring the moving party to satisfy all four elements. *Estate of Schwenke v. Becktold*, 252 Mont 127, 131, 827 P.2d 808, 811 (1992). Because we conclude that P&H's failure to establish an interest in the subject matter of the action is dispositive, we do not address the remaining elements.

¶8 P&H asserts that its interest in the subject matter is that of a judgment creditor of Price. This Court has recognized that Montana's rule regarding judgment creditors is practically identical to the federal rule. *Sportsmen*, ¶ 7. "An allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004). "The fact that you might *anticipate a benefit from a judgment* in favor of one of the parties to a lawsuit—maybe you're a creditor of one of them—*does not entitle you to intervene in their suit.*" *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) (emphasis added).

¶9 Section 25-9-301(2), MCA, provides:

> From the time the judgment is docketed, it becomes a lien upon the property of the judgment debtor that is not exempt from execution in the county and that is either owned by the judgment debtor at the time or afterward acquired by the judgment debtor before the lien ceases.

¶10 Price executed the quitclaim deeds to TBM and TBM's judgment was docketed in April 2018; P&H's judgment was docketed in June 2018. Accordingly, at the time P&H asserted an interest in the property arising out of its judgment against Price, Price no longer held the property. P&H, therefore, attempts to intervene by claiming an interest in title to

4

property held by TBM, in order to make certain that "all creditors are treated fairly." While there exists a system in federal bankruptcy law for which creditors are sorted out and given priorities, the same does not exist in Montana law. Price has not declared bankruptcy and the requirements of M. R. Civ. P. 24(a) and § 25-9-301(2), MCA, are clear. Here, P&H fails on the element requiring it have an interest in the subject matter of the action because a person who holds a judgment against one person has no interest in property conveyed to another. The District Court did not abuse its discretion in finding that P&H could not intervene as of right because P&H failed to demonstrate an interest in the subject matter of the action; here, the property was owned by TBM at the time P&H docketed its judgment.

¶11 Alternatively, P&H argues on appeal that the District Court erred in denying its motion to intervene pursuant to M. R. Civ. P. 24(b), Montana's rule concerning permissive intervention. Rule 24(b)(1) states, "on timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Here, P&H did not have a conditional right to intervene by statute. P&H claims there was a fundamental question as to the propriety of TBM's title because TBM had obtained title through extortion or blackmail of Price. However, this is not a common question of law or fact as it pertains to P&H. P&H's interest was to ensure the judgment in favor of TBM was set aside so that it had access to the property. Accordingly, and for many of the same reasons presented under Rule 24(a), the District Court did not abuse its discretion in denying intervention to P&H under Rule 24(b).

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR