

FILED

09/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0377

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0377

_____

MONTANA SHOOTING SPORTS
ASSOCIATION,

      Petitioner,

    v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS & CLARK COUNTY, THE
HONORABLE MICHAEL F. MCMAHON,
DISTRICT JUDGE,

      Respondent.

_____

FILED

SEP 2 8 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Montana Shooting Sports Association (MSSA), via counsel, seeks a writ of supervisory control over the First Judicial District Court, Lewis and Clark County, to reverse its July 16, 2021 Order Denying Intervention Motions and Briefing Schedule in Cause No. BDV-2021-598. In the underlying case, the Board of Regents of Higher Education of the State of Montana (BOR) petitioned for declaratory judgment regarding the constitutionality of portions of House Bill 102 that regulate firearms within the Montana University System (MUS) on the basis that these provisions unconstitutionally infringe on BOR's authority under Article X, Section 9(2), of the Montana Constitution. MSSA sought intervention of right under M. R. Civ. P. 24(a) and the District Court denied its motion.

At the Court's invitation, both the State and BOR have responded. The State supports MSSA's petition. BOR opposes it.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross

injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Before reaching the substance of MSSA's legal arguments on the question of whether the District Court erred in denying its motion to intervene, we first consider whether the matter is appropriate for this Court to assume supervisory control.

First, MSSA asserts that the matter presented on petition is the purely legal question of whether MSSA has the right to intervene under Rule 24(a)(2), which provides that on a timely motion to intervene, the court must permit intervention by anyone who "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." MSSA relies on *Sportsmen for I-143 v. Mont. Fifteenth Judicial Dist. Court*, 2002 MT 18, 308 Mont. 189, 40 P.3d 400, in which this Court determined that the trial court's denial of Sportsmen's right to intervene presented a purely legal question of "whether the primary proponent of a ballot initiative has a legally protectable interest sufficient to allow it to intervene in a case challenging the resulting statute." *Sportsmen for I-143,* ¶ 6. MSSA alleges that in the present case, it "played a nearly identical role" to Sportsmen because it was involved in drafting HB 102 and was "a party to negotiations between state representatives and agents of the MUS."

BOR responds that this case does not present a purely legal question. BOR relies upon *Mont. Quality Educ. Coalition v. Mont. Eleventh Judicial Dist. Court*, No. OP 16-0494 (Mont. Oct. 27, 2016), which it asserts is on point with the present case. In *MQEC*, we denied a petition for writ of supervisory control where the trial court had denied the petitioners' motion to intervene in a case challenging the validity of an

administrative rule. We based our denial on the absence of a purely legal question, explaining:

> [T]he presence of factual issues is demonstrated in the Coalition's petition: the Coalition argues that its interests and those of its members are not adequately protected by the Department, that its motion to intervene was timely, and that the Coalition has an interest in the case that may be impaired or impeded by its disposition. The District Court ruled, however, that the expressed interests of the coalition are adequately represented by the parties to the case.

BOR argues that the same lack of a purely legal question exists here, where the District Court found that the State could adequately protect any interest MSSA may have in the case and that MSSA did not have an interest that may be impaired or impeded by the disposition of the case. BOR contends that this case is distinguishable from *Sportsmen for I-143* because there, the issue presented—whether "the primary proponent of a ballot initiative has a legally protectable interest sufficient to allow it to intervene in a case challenging the resulting statute," *Sportsmen for I-143*, ¶ 6—is a purely legal question, while here, "the rulings of 'adequacy of representation' by the State and 'no impairment' of interests are *fact-based* and 'discretionary,' precluding supervisory control." (Emphasis BOR's.)

MSSA asserts that its support of HB 102 makes its role in the current litigation equivalent to that of Sportsmen's support of Initiative 143. However, the Montana Quality Education Coalition was similarly involved in the development of the administrative rule at issue in *MQEC*. BOR argues that MSSA reads *Sportsmen for I-143* too broadly and that the decision is limited to primary supporters of ballot measures: "[T]he sponsors of a ballot initiative have a different ownership-type interest in the outcome than do mere lobbyists seeking passage of laws through the normal legislative process." BOR notes that under Article III, Section 4, of the Montana Constitution, "[t]he people may enact laws by initiative," while under Article V, the Legislature has the authority to pass bills to make laws. MSSA is not the sponsor of a ballot measure, but merely a lobbyist.

3

We agree with BOR the key difference between this Court's determinations in *Sportsmen for I-143* and *MQEC* lies in the distinction between the role of primary proponent of a ballot initiative versus the role of lobbyist. The question presented in *Sportsmen for I-143* was a purely legal one while the question presented in *MQEC* required the trial court to make factual determinations to investigate whether MQEC's interests were adequately represented by the parties to the case. In this case, the District Court had to make the same type of factual determination as did the trial court in *MQEC*. Therefore, the ruling was discretionary and not susceptible to this Court's review on a writ of supervisory control. *Hill v. Mont. Fifth Judicial Dist. Court*, No. OP 21-0352, Order (Mont. Aug. 31, 2021) (standards for supervisory control not met where petition does not raise an issue that is purely one of law but involves a matter of discretion).

Moreover, as BOR points out, MSSA has been granted the opportunity to submit an amicus brief and MSSA's petition fails to explain why this participation would provide insufficient opportunity to MSSA to present its position to the District Court. In its response brief, the State argues that the opportunity to submit an amicus brief is inadequate because in granting leave for MSSA to participate as amicus, the district court "prohibited any discussion of 'federal or state firearm rights,' which is the issue MSSA seeks to discuss[.]" However, in the order at issue here, the District Court noted, "This case is merely about whether the Legislature or the Executive branch, via the Regents, has the exclusive constitutional authority to regulate firearms on MUS campuses and other locations." (Footnote omitted.) In *MQEC*, we noted that denial of the Coalition's motion to intervene did not preclude its participation because it could present its position in an amicus brief. The same opportunity exists in this case for MSSA to present its position to the extent it is relevant to the dispute at issue before the District Court.

IT IS THEREFORE ORDERED that MSSA's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

4

The Clerk is directed to provide immediate notice of this Order to all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. BDV-2021-598, and the Honorable Michael F. McMahon, presiding.

DATED this 28 day of September, 2021.

_____
Chief Justice

_____

_____

_____
Justices